[No. 11060. In Bank.—September 24, 1886.]

PHILIP CORCORAN ET AL., RESPONDENTS, v. CORNELIUS DESMOND ET AL., APPELLANTS. EUGENE SULLIVAN, INTERVENOR AND RESPONDENT.

APPEAL — JUDGMENT — ORDER MADE AFTER — UNDERTAKING — INSUFFICIENCY OF. — The appellants appealed from the judgment and from an order refusing to set it aside. But one undertaking on appeal was filed, which recited the judgment and order appealed from, and provided that, in consideration of such appeal, the appellants would pay all damages and costs which might be awarded against them on the appeal, or on a dismissal thereof, not exceeding three hundred dollars. The undertaking contained a further provision and promise for a stay of execution under the judgment as provided by section 145 of the Code of Civil Procedure. *Held*, that the undertaking was insufficient to support either the appeal from the judgment or the appeal from the order.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing to vacate and set aside the judgment.

Motion to dismiss appeals. The facts are stated in the opinion.

*Charles F. Hanlon, W. K. Boucher,* and *Fagon & Armstrong,* for Appellants.

*Reddick & Solinsky,* and *A. Everett Ball,* for Respondents.

Searls, C.—This is a motion to dismiss an appeal from a final judgment and from an order denying a motion made after judgment to vacate and set aside the judgment aforesaid.

The motion to dismiss is based upon the insufficiency of the undertaking on appeal, and upon the further ground that no sufficient transcript has been filed, as required by rule 2 of this court.

The judgment was in the ordinary form of a decree to foreclose under the mechanics' lien law of this state.

The notice of appeal specifies that the defendants' "appeal . . . . from the judgment . . . . in favor of said plaintiffs, . . . . and also from the order made and entered, . . . . denying defendants' motion to vacate and set aside the judgment aforesaid."

There is but one undertaking on the appeal, which recites the fact that defendants have appealed from the judgment, which is described, and the date of its rendition set out, and that they have also appealed from the order of the court denying defendants' motion to vacate the judgment, and gives the date of the entry of such order.

The undertaking then proceeds in the usual form to provide that the appellants will pay all damages and costs which may be awarded against appellants, etc., not exceeding three hundred dollars, and then recites that appellants are desirous of staying the execution of the judgment appealed from in so far as relates to the sale and delivery of possession of the land, etc., described in

the judgment, in consideration of which the sureties bind themselves in the further sum of one thousand dollars, that appellants will not commit waste, and that if the judgment be affirmed or the appeal dismissed, appellants will pay the value of the use and occupation, etc., not exceeding the said sum of one thousand dollars, which is recited as the amount fixed by the judge as an undertaking to stay proceedings, as provided by section 945 of the Code of Civil Procedure

The undertaking is one that would be held sufficient if the appeal was taken from the judgment alone.

Under these circumstances, the question presented is: 1. Is the undertaking sufficient to cover both appeals? and if not, then, 2. Does the undertaking show with sufficient certainty the appeal on account of which it was given, to warrant us in holding that one only of the appeals should be dismissed?

The practice of filing a single undertaking of three hundred dollars to cover costs in cases of appeals from a final judgment and from an order denying a motion for a new trial was adopted in this state at an early day, and having been acquiesced in for many years, was at length, when challenged, upheld as sufficient. (*Chester* v. *Bakersfield T. H. A.*, 64 Cal. 42; *Sharon* v. *Sharon*, 67 Cal. 185.)

In discussing this last case, Thornton, J., remarks: "Where there are several appeals in the same transcript, there should, no doubt, be an undertaking on appeal for each one of the appeals, and each appeal should be recited in the undertaking; so held in *Horn* v. *Volcano Water Company*, 18 Cal. 142, and *Bornheimer* v. *Baldwin*, 38 Cal. 671. The only exception to the rule that on each appeal there should be a three-hundred-dollar undertaking, is where there is in the same notice and transcript an appeal from a judgment with an appeal from an order denying a new trial. In such a case one undertaking on appeal was held sufficient in *Chester* v. *Bakersfield Town Hall Association*, 64 Cal. 42. This was so held in conse-

quence of the long and well settled practice which this court very properly declined to disturb."

In *People* v. *Center,* 61 Cal. 191, there were two groups of appeals. In the first the undertaking recited the taking of three several appeals, and concluded with the promises of the sureties that in consideration of the premises " and of such appeal," they would pay all damages and costs which might be awarded, etc., "on said appeal, or on a dismissal thereof, not exceeding three hundred dollars," etc., and it was held insufficient.

The present case is on all fours with *People* v. *Center, supra.*

The undertaking recites the taking of two appeals, and then in consideration of the premises "and of such appeal" the sureties promise that the " appellants will pay all damages and costs which may be awarded against them on the appeal or on a dismissal thereof, not exceeding three hundred dollars," etc.

This is a single undertaking of three hundred dollars, to cover the costs of two separate appeals, which is not admissible except in the single case of an appeal from a judgment and an order denying a motion for a new trial. (*Sharon* v. *Sharon, supra.*)

2. Appellants contend that if the undertaking is insufficient to support the two appeals, then the appeal from the order made after judgment should be dismissed, and the other allowed to stand.

In support of this position we are pointed to the fact that the undertaking contains a further provision and promise for a stay of proceedings under the judgment as provided by section 945, Code of Civil Procedure.

In this respect appellants are correct, and there can be no doubt but that the undertaking, so far as it relates to a stay of proceedings, refers to the appeal from the final judgment, and in case of an affirmance of the judgment or dismissal of the appeal, the sureties would become liable on the undertaking.

But the undertaking for a stay of proceedings under the judgment is entirely distinct from the bond for three hundred dollars to cover costs on appeal, and the fact that it is found in the same paper with the latter does not change its character as a separate and independent undertaking.

An appeal to this court is ineffectual for any purpose unless an undertaking in the sum of three hundred dollars is filed to cover the costs of such appeal.

Appellants took two appeals, requiring two undertakings of three hundred dollars each. They filed a single undertaking for three hundred dollars, in which they in no wise designate the appeal to which it refers, but after reciting the two appeals, promise to pay, etc., *if the appeal* shall be dismissed, and to pay all damages and costs awarded against them *on the appeal.*

In all this there is nothing whatever to indicate to which of the appeals the three-hundred-dollar undertaking refers.

We think the undertaking fatally defective in this respect and insufficient to support either of the appeals.

The motion to dismiss the two appeals should be granted.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the motion to dismiss the appeals is granted.

Rehearing denied.