[S. F. No. 906. In Bank.—December 17, 1897.]

In the Matter of the Estate of SOLOMON HEYDENFELDT, Deceased.

APPEAL FROM DISTINCT ORDERS—SINGLE UNDERTAKING—INDISTINCT REFERENCE—DISMISSAL—REVIEW UPON MOTION.—A single undertaking given upon an appeal from several separate and distinct orders, which does not distinctly refer to either appeal, is entirely invalid for any purpose, and such appeal will be dismissed; nor will it be inquired into whether any of the orders were or were not appealable, where the motion to dismiss the appeal was made upon the ground that there has not been a compliance with the statutory provision prescribing the mode of taking the appeal, and did not express the ground that any of the orders appealed from were not appealable.

ID.—FILING OF NEW UNDERTAKING—CONSTRUCTION OF CODE—VOID UNDER-
TAKING.—Section 954 of the Code of Civil Procedure only authorizes a
new undertaking upon appeal to be filed, when the one filed is in-
sufficient, and does not apply where the undertaking given is void,
in which case it is as though no undertaking had been filed, and no
appeal perfected within the time required by law, and no new un-
dertaking can be permitted to be filed in the appellate court.

MOTION to dismiss an appeal from three orders of the Su-
perior Court of the City and County of San Francisco.   J. V.
Coffey, Judge.

The facts are stated in the opinion of the court.

James L. Crittenden, Crittenden & Van Wyck, and Sidney M.
Van Wyck, for Appellant.

T. M. Osmont, for Respondent.

McFARLAND, J.—This cause is now before us on a motion
to dismiss the appeal of Henrietta Heydenfeldt, upon the ground
that said appeal was taken from three separate and distinct or-
ders, and that only one undertaking on said appeal has been
given and filed by said appellant.

The motion of appeal states that the appellant appeals "from
each of the orders given and made herein granting the petitions
of Zeila O. Hellings for payment of mortgage, and particularly
from the order or decree heretofore, on or about June 1, 1896,
filed herein, directing the redemption and exoneration of mort-
gaged premises upon the petition of Zeila O. Hellings; and also
from the order made on or about February 17, 1896, denying to
said Henrietta Heydenfeldt the right to participate in the pro-
ceedings upon the hearing of said petitions of Zelia O. Hellings
for payment of mortgage; and from the order made on or about
March 14, 1896, striking from the files the answers of Henri-
etta Heydenfeldt to said petitions of Zeila O. Hellings; and from
the whole and each and every part of each and every of the said
orders and decree." The undertaking recites that Henrietta
Heydenfeldt has appealed to the supreme court from the various
orders mentioned in said notice of appeal, and the sureties un-
dertake "that the said appellant will pay all damages and costs
which may be awarded against her on said appeal or on a dis-
missal thereof, not exceeding three hundred ($300) dollars."

It has been established by a long line of decisions of this court that an undertaking on appeal, such as the one given in this case, is entirely invalid for any purpose. (*People v. Center,* 61 Cal. 191; *Corcoran v. Desmond,* 71 Cal. 100, and previous cases there cited; *Home etc. Associates v. Wilkins,* 71 Cal. 626; *McCormick v. Belvin,* 96 Cal. 182; *Centerville etc. Co. v. Bachtold,* 109 Cal. 111; *Spreckels v. Spreckels,* 114 Cal. 60.) In the Spreckels case, *supra,* the facts differed materially from those in the case at bar.

Appellant contends that only one of the three orders appealed from is an appealable order, and that therefore the bond should.be held as applicable to that order alone which is appealable. But where a motion to dismiss an appeal is not upon the ground that the thing appealed from is not appealable, but upon the ground that there has not been a compliance with the statutory provision prescribing the mode of taking an appeal, there we cannot consider whether either of the orders appealed from is appealable. This contention was disposed of adversely to appellant's views in *Centerville etc. Co. v. Bachtold, supra.* In that case the court said: "A motion to dismiss the appeal upon the ground that the order is not appealable assumes that the appeal has been perfected, and that there is before this court a proper authenticated record of the action of the superior court. . . . . On the other hand, whether an appeal has been perfected is a question of fact depending upon the proceedings subsequent to the entry of the order of the court below. When a motion to dismiss an appeal is made upon this ground, the character or nature of the order appealed from is not involved, and the action of the court is limited to determining whether the steps taken for the appeal are in compliance with the statute prescribing the mode of taking an appeal."

Appellant has filed a new undertaking on appeal, approved by one of the justices of this court, and contends that such new undertaking supplies the want of a proper undertaking at the. time the appeal was taken, under section 954 of the Code of Civil Procedure. But that was the precise contention that was made in *Home etc. Associates v. Wilkins, supra,* and in *Centerville etc. Co. v. Bachtold, supra.* In the former case the court, having held that in a case where there were appeals from two or-

ders and only one undertaking filed which did not distinctly re-fer to either appeal, "the undertaking when filed is no undertak-ing at all," said: "An application is made to this court by appel-lant to be allowed to file the proper undertaking under section 954 of the Code of Civil Procedure. The section referred to does not authorize it. It only authorizes a new undertaking when the one filed is insufficient. But in this case there has really been none filed. To allow new ones to be filed would be in effect to permit a new appeal to be perfected after the time fixed by law. (*Hastings v. Halleck,* 10 Cal. 31.)" The same ruling was made in *Centerville etc. Co. v. Bachtold, supra.*

The motion to dismiss the appeal is granted, and the appeal is dismissed.

Harrison, J., Van Fleet, J., and Garoutte, J., concurred.

BEATTY, C. J., dissenting.—I dissent. In my opinion but one of the orders was appealable, and there was but one appeal. Besides, I am unable to distinguish this case from *Spreckels v. Spreckels, supra,* in which a bond similarly defective was held to be amendable, and this bond has been amended.

Rehearing denied.