[S. F. No. 2206.    Department Two.—June 7, 1900.]

BAY CITY BUILDING AND LOAN ASSOCIATION, Respondent, v. CHARLES E. BROAD, Appellant.

APPEAL—INSUFFICIENT UNDERTAKING—NEW UNDERTAKING—MOTION TO DISMISS.—An undertaking on appeal which was filed in due time, the verification to which was signed by both sureties, but which was signed in the usual place by only one of them, evidently through oversight, is merely "insufficient" within the meaning of section 954 of the Code of Civil Procedure, and if a good and sufficient undertaking signed by both sureties and approved by the chief justice is filed before the hearing of a motion to dismiss the appeal, the motion must be denied, and the new undertaking will stand as the undertaking on appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Jones & O'Donnell, and Hu Jones, for Appellant, Charles E. Broad.

E. H. Rixford, for Respondent.

McFARLAND, J.—This case is before us on a motion to dismiss the appeal on the ground that "appellant has failed to file herein the undertaking on appeal according to law." The facts are these: An instrument in writing, the body of which is in the proper form of an undertaking on appeal in the case, was filed in due time. Upon this instrument there is a written statement and affidavit signed by Hu Jones and Louisa F. Hession, in which it is stated, among other things, that they are "the persons named in and who subscribed the foregoing undertaking as the sureties thereto"; but, at the end of the main body of the intended undertaking, at the place where the

signatures to such an instrument usually are, there is the signature of Hu Jones alone—Hession not having signed it at that place. On January 30, 1900, before the hearing of the motion to dismiss, appellant filed with the clerk of this court a new undertaking on appeal in due form and properly signed by said Jones and Hession as sureties, and approved by the chief justice, and asked that it be accepted under the provisions of section 954 of the Code of Civil Procedure.

It is not necessary to inquire whether Hession would have been liable on the first undertaking although her name was not signed at the usual place. "Insufficiency," within the meaning of section 954, is the most that can be said against it, and under that section the new undertaking should be received. There was evidently an honest attempt to file a good undertaking, and the neglect of Hession to sign it at the customary place was clearly a mere oversight. Section 954 necessarily implies that there may be an undertaking which is insufficient, and that this insufficiency may be remedied by a new undertaking; for, when the original undertaking is, itself, sufficient, there is no room for the application of the section. In the cases cited by respondent there had been an attempt to give one undertaking on several appeals from several different judgments and orders; and it was held that as to a judgment or order not referred to in the undertaking, and as to appeals for each of which a separate undertaking was necessary, the instrument relied on as an undertaking was "no undertaking at all." But that cannot be rightly said of the instrument in question here. The writing, itself, was in form and substance complete. As to one of the sureties it was an undertaking; and as to the other it is merely questionable whether she so signed it as to bind her in the way she evidently intended to be bound. The question here presented differs from any passed on in former decisions of this court; and if the case at bar does not present an instance of an insufficient undertaking which may be remedied under section 954, then it is difficult to imagine such an instance.

The motion to dismiss the appeal is denied; and the undertaking filed January 30, 1900, will stand as the undertaking on this appeal.

Temple, J., and Henshaw, J., concurred.