[Sac. No. 787. In Bank.—January 11, 1901.]

T. O. CARTER et al., Appellants, v. BUTTE CREEK GOLD MINING AND POWER COMPANY et al., Respondents.

APPEALS—AMBIGUOUS UNDERTAKING—DISMISSAL.—Where two appeals are taken, one from the judgment and another from an order denying a motion to set aside the judgment, a single undertaking given "in consideration of the premises and of such appeal," and conditioned that appellants will pay all damages awarded against them on "the appeal," is insufficient, by reason of its ambiguity, to support either appeal, and both of them must be dismissed.

MOTION to dismiss appeals from a judgment of the Superior Court of Butte County and from an order denying a motion to set aside the judgment. John C. Gray, Judge.

The facts are stated in the opinion of the court.

T. F. Batchelder, J. G. Severance, and E. L. Foster, for Appellants.

Park Henshaw, for Respondents.

GAROUTTE, J.—Respondents have moved to dismiss the appeals in this case. One of the grounds relied upon to secure a dismissal is based upon the claim that the undertaking

upon appeal is substantially defective. This undertaking recites that whereas the appellants have appealed to this court from the judgment entered in the action, and also from the order denying plaintiff's motion to set aside the judgment, now, therefore, "in consideration of the premises and of such appeal," the sureties undertake that appellants will pay all damages awarded against them on "the appeal."

The case of *Estate of Heydenfeldt,* 119 Cal. 346, is similar to the case at bar. There the appeal was taken from various orders, and the sureties undertook "that said appellant will pay all damages and costs which may be awarded against her on said appeal." In this case the undertaking uses the language "the appeal." In the Heydenfeldt case this court said: "It has been established by a long line of decisions of this court that an undertaking on appeal such as the one given in this case is entirely invalid for any purpose. (*People v. Center,* 61 Cal. 191; *Corcoran v. Desmond,* 71 Cal. 100, and previous cases there cited; *Home etc. Associates v. Wilkins,* 71 Cal. 626; *McCormick v. Belvin,* 96 Cal. 182; *Centerville etc. Co. v. Bachtold,* 109 Cal. 111.)" It is said in the Centerville case, *supra:* "If the undertaking has no special reference to either matter appealed from, but is conditioned generally upon 'such appeal' (*People v. Center, supra; Corcoran v. Desmond, supra*), or 'said appeals' (*McCormick v. Belvin, supra*), all the appeals will be dismissed upon the ground that by reason of its ambiguity it cannot be determined for which appeal it was given."

For the foregoing reasons the appeals are dismissed.

Van Dyke, J., Harrison, J., McFarland, J., and Temple, J., concurred.