[Sac. No. 998.   Department One.—December 5, 1901.]

the Matter of the Estate of GEORGE M. KASSON, Deceased. GEORGE W. LINDY, Plaintiff, v. MARTHA E. McCHESNEY et al., Defendants. MARY E. MANN, Appellant.

APPEAL—UNDERTAKING—SEVERAL APPEALS—DISMISSAL.—An undertaking on appeal in the sum of three hundred dollars must be given in connection with every appeal from an order or judgment, in order to give the supreme court jurisdiction of such appeal. The only exception to this rule is where an appeal is taken at the same time from a judgment and order denying a new trial. If the appeal is from a judgment and any order other than an order denying a new trial, or if the notice of appeal is from more than one order, a separate undertaking must be given upon each of said appeals; otherwise, a motion to dismiss the appeal will be granted. This rule is not varied by the fact that one or more of the orders included in said appeal is not appealable.

ID.—ORDER DENYING NEW TRIAL—EXAMINATION OF RECORD.—Upon a motion to dismiss an appeal, the supreme court will not consider any question which involves an examination of the record and the determination of the correctness of the action of the lower court upon the facts presented to it; consequently, an appeal from an order denying a new trial will not be dismissed upon the ground that the judgment was given against the appellant by default.

MOTION to dismiss appeals from a judgment of the Superior Court of San Joaquin County and from various orders. Edward I. Jones, Judge.

CXXXV. Cal.—1 (1)

The facts are stated in the opinion of the court.

Woods & Levinsky, and James H. Budd, for Appellant.

John A. Percy, and Budd & Thompson, for Respondents.

HARRISON, J.—Motion to dismiss the appeals.

1. The appellant, Mary E. Mann, gave notice to the respondents, February 11, 1901, of her appeal from the order made in the above-entitled proceeding, by which a nonsuit was granted and entered against her, and from the order given and entered therein, by which a default was granted and entered against her, and from the judgment given and entered therein, in favor of the other defendants and against her. On the same day she filed an undertaking on appeal, in which, after reciting her notice of appeal, the sureties undertook and promised on her behalf that she would pay all damages and costs which might be awarded against her " on said appeal or on a dismissal thereof," not exceeding the sum of three hundred dollars. The respondents now move to dismiss these appeals, upon the ground that no undertaking has been filed sufficient to give to this court jurisdiction thereof.

The rule of practice in this state must be regarded as so settled as not to require the citation of authorities that, under the provisions of the code, there must be given an undertaking in the sum of three hundred dollars in connection with every appeal from an order or judgment, in order to give to this court jurisdiction of such appeal. The only exception to this rule is where an appeal is taken at the same time from a judgment and an order denying a new trial. If the appeal is from a judgment and any order other than an order denying a new trial, or if the notice of appeal is from more than one order, a separate undertaking must be given upon each of said appeals. Otherwise, a motion to dismiss the appeals will be granted. This rule is not varied by the fact that one or more of the orders included in said appeal is not appealable. (*Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111.) The jurisdiction of this court cannot be invoked to determine whether an order is appealable until the steps prescribed by the statute for invoking such jurisdiction have been complied with. In *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111, we said: "Wheth-

er the order appealed from is an appealable order is a question
of law which can be determined only by a judicial compari-
son of the record containing the order with the statutes pre-
scribing the orders from which appeals may be taken, and as
this court cannot exercise its appellate jurisdiction of a cause
until after the appeal has been perfected, we are limited, upon
a motion to dismiss an appeal upon the ground that it has
not been perfected, to a consideration of the steps taken for
perfecting the appeal, and cannot look into the record either
for the purpose of determining whether the order appealed
from is appealable, or whether the appeal is without merit,
or whether the court below has committed error in its rulings.
On the other hand, whether an appeal has been perfected is a
question of fact, depending upon proceedings subsequent to
the entry of the order in the court below. When a motion to
dismiss an appeal is made upon this ground, the character or
nature of the order appealed from is not involved, and the
action of the court is limited to determining whether the steps
taken for the appeal are in compliance with the statute pre-
scribing the mode of taking an appeal.''

2. After the rendition of the judgment, the appellant
moved for a new trial, which was subsequently denied by the
court, and she thereupon took an appeal from this order. The
respondents ask to have this appeal dismissed upon the
ground that the judgment was given against the appellant by
default, and that a motion for a new trial was unauthorized,
and, therefore, there can be no appeal from the order denying
a new trial. This, however, involves an examination of the
record, and the determination of the correctness of the ac-
tion of the court below upon the facts presented to it by the
appellant, a question which cannot be considered upon a
motion to dismiss the appeal. (See *Jarman* v. *Rea,* 129 Cal.
157, and cases there cited.) If the court had no authority to
hear or determine a motion for a new trial, that may be a
reason for affirming its action when the cause shall be heard,
but is not a ground for dismissing the appeal.

The appeals from the orders and judgment taken February
11, 1901, are dismissed. The motion to dismiss the appeal
from the order denying a new trial is denied.

Garoutte, J., and Van Dyke, J., concurred.