[Sac. No. 1316.  In Bank.—June 14, 1905.]

W. L. WADLEIGH et al., Respondents, v. JOSEPHINE A. PHELPS, Executrix, etc., Appellant.

APPEALS—JUDGMENT AND REVIEWABLE ORDERS—DISMISSAL.—An appeal from several orders, which are reviewable upon appeal from the judgment, and from the judgment, accompanied by a single undertaking which refers intelligibly to the judgment, is in legal effect only an appeal from the judgment, which will not be dismissed; nor will the court do the vain act of dismissing the appeals from such reviewable orders.

ID.—APPEALABLE ORDERS AFTER JUDGMENT—ABSENCE OF UNDERTAKING—DISMISSAL.—An appeal taken by one notice from several orders after judgment, each of which was independently appealable and not reviewable upon appeal from the others, cannot be deemed perfected by the undertaking on appeal from the judgment, though one of the orders is an order denying a new trial, and the appeals, none of them having been perfected by any undertaking, must be dismissed.

ID.—NOTICE OF MOTION TO DISMISS—STATEMENT OF GROUND—APPROVAL OF NEW UNDERTAKING.—The defect existing at the date of the notice of the motion to dismiss the three appeals being incurable for want of any undertaking on either of them, a statement of ground of the motion, "that the original undertaking was insufficient," cannot prevent a dismissal of all of the appeals, notwithstanding a new undertaking on appeal from the order denying a new trial was approved by a justice of this court and filed before the hearing of the motion.

MOTION to dismiss appeals from a judgment of the Superior Court of Nevada County, from six orders made before judgment, and from three orders made after judgment.  F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

George F. Witter, Jr., and D. M. Delmas, for Appellant.

C. W. Cross, for Respondents.

BEATTY, C. J.—This is a motion to dismiss eleven separate appeals, or attempted appeals, from the judgment, verdict, and various orders entered in the cause.  The suit is in equity to redeem lands mortgaged by deed of conveyance in

form absolute. The decree rendered June 29th and entered June 30, 1903, was in favor of the plaintiffs, directing a reconveyance of the lands upon payment or tender of about eleven thousand dollars found to be due the defendant, less plaintiffs' costs of suit.

The defendant moved for a new trial, and pending proceedings upon that motion, on July 27, 1903, served and filed the following notice of appeal:—

"To W. I. Wadleigh, Anna F. Smith, and Elias Smith, the plaintiffs herein, and to C. W. Cross, their attorney and to F. L. Arbogast, clerk of the superior court of Nevada County, state of California.

"You, and each of you, will please take notice that the defendant in the above entitled action, hereby appeals to the supreme court of the state of California, from an order made July 2nd, 1902, denying defendant's motion to strike out part of plaintiffs' amended complaint; and from an order made November 21st, 1902, denying defendant's motion to strike out part of plaintiffs' second amended complant; and from the special verdict of the jury rendered by the jury November 29th, 1902, and from an order made December 22nd, 1902, denying defendant's motion to set aside the special verdict rendered by the jury November 29th, 1902, and from the order made December 22nd, 1902, adopting the special verdict of the jury rendered December 29th, 1902; and from the decision, orders and judgment made and rendered against her on the 29th day of June, 1903, and filed and entered on the 30th day of June, 1903 (all of said orders, decisions and judgment rendered in said action, in said superior court in favor of the plaintiffs in said action and against said defendant in said action), and from the whole thereof."

To perfect this appeal she, on the same day, filed the following undertaking:—

"Whereas, the defendant in the above entitled action is about to appeal to the supreme court of the state of California, from an order made July 2d, 1902, denying defendant's motion to strike out part of plaintiffs' amended complaint; and from an order made November 21st, 1902, denying defendant's motion to strike out part of plaintiffs' second amended complaint; and from the special verdict of the jury rendered November 29th, 1902; and from an order made De-

cember 22nd, 1902, denying defendant's motion to set aside the special verdict rendered by the jury November 29th, 1902; and from the order made December 22nd, 1902, adopting the special verdict of the jury rendered December 29th, 1902, and from the decision, orders and judgment made and rendered against her on the 29th day of June, 1903, and filed and entered on the 30th day of June, 1903, in said action, in said superior court in favor of the plaintiffs for $1,193.15 costs of suit.

"Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, do hereby jointly and severally undertake and promise, on the part of the appellant that the said appellant will pay all damages and costs which may be awarded against her on the appeal, or on a dismissal thereof, not exceeding three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound.

"J. L. Ross, (Seal.)
"W. M. Barret, (Seal.)"

"Dated this 24th day of July, 1903."

By order of this court the time for filing the transcript on this appeal was extended until after the decision upon the motion for a new trial, which was finally denied by an order entered February 25, 1904. On March 1, 1904, defendant served and in due time filed the following notice of appeal:—

"Notice of appeal from order sustaining plaintiffs' objection to the hearing of the motion and renewal of motion for a change of place of trial herein; from the order denying defendant's motion to strike out the items of costs and retax the costs. herein; and from the order denying defendant's motion for a new trial.

"To the clerk of the superior court and to C. W. Cross, attorney for the plaintiffs above named.

"You and each of you will please take notice that the defendant in the above entitled action hereby appeals to the supreme court of this state from the order made on the 27th of July, 1903, sustaining plaintiff's objection to the hearing of the motion and the renewal of the motion for a change of the place of trial herein; and from the order made by the court herein on the 27th of July, 1903, denying defendant's motion to strike out the items of costs in the memorandum of

costs herein and to retax the costs herein; and from the order denying defendant's motion for a new trial herein, made and entered in the said superior court on February 25th, 1904, in said action, and from the whole thereof. Dated March 1st, 1904.''

To perfect these appeals the following undertaking was filed on March 3d:—

''Whereas, the defendant in the above-entitled action is about to appeal to the supreme court of the state of California, from an order made and entered against her in said action, in said superior court, in favor of the plaintiffs in said action, on the 25th day of February, 1904, denying the defendant's motion for a new trial in the above-entitled action, and from an order made July 27, 1903, sustaining plaintiffs' objection to the hearing of motion and renewal of motion for change of the place of trial herein, and from an order made by the court July 27th, 1903, denying defendant's motion to strike out items of costs in the memorandum of costs and to retax the costs herein.

''Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, do hereby jointly and severally undertake and promise, on the part of the appellant that the said appellant will pay all damages and costs which may be awarded against the defendant on the appeal, or on a dismissal thereof not exceeding three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound.

"WILLIS G. WITTER,  (Seal.)

"J. C. FRANKS,  (Seal.)"

"Dated this 1st day of March, 1904.''

One transcript embracing all these attempted appeals was filed in this court June 20, 1904, and on July 19th the respondent served the following notice of motion to dismiss:—

"Notice of Motion to Dismiss Appeals.

·"To said appellant and George F. Witter, Jr., her attorney. You will please take notice that on Monday, the 1st day of August, A. D. 1904, at 10 o'clock A. M., or as soon thereafter as the same can be heard, the respondents, by their attorney will move the said court in Bank................at the place of holding said court in San Francisco, to dismiss the following appeals in said cause,

"1. Appeal 'from an order made July 2nd, 1902, denying defendant's motion to strike out part of plaintiffs' amended complaint' (*vide* transcript, folios 399-400), on the ground that the same is not an appealable order.

"2. Appeal 'from an order made on November 21st, 1902, denying defendant's motion to strike out part of plaintiffs' second amended complaint,' (*vide* transcript, folio 400), on the ground that the same is not an appealable order.

"3. Appeal 'from the special verdict of the jury rendered by the jury November 29th, 1902,' (*vide* transcript, folio 400), on the ground that the same is not an appealable order.

"4. Appeal 'from an order made on December 22nd, 1902, denying defendant's motion to set aside the special verdict rendered by the jury November 29th, 1902,' (*vide* transcript, folios 400-401), on the ground that the same is not an appealable order.

"5. Appeal 'from the order made December 22nd, 1902, adopting the special verdict of the jury rendered December 29th, 1902,' (*vide* transcript, folio 401), on the ground that the same is not an appealable order.

"6. Appeal 'from the decision made and rendered against her on the 29th day of June, 1903, and filed and entered on the 30th day of June, 1903,' (*vide* transcript, folio 401), on the ground that no appeal lies from said decision.

"7. Appeal 'from orders made and rendered against her on the 29th day of June, 1903, and filed and entered on the 30th day of June, 1903,' (*vide* transcript, folio 401), on the ground that no appeal lies from said orders or either or any of them.

"8. Appeal 'from the judgment made and rendered against her on the 29th day of June, 1903, and filed and entered on the 30th day of June, 1903,' (*vide* transcript, folio 401), on the ground that no sufficient undertaking on appeal from said judgment has ever been executed, given or filed; and on the ground that no undertaking on appeal from said judgment has ever been executed or filed. (*Vide* transcript, folios 370 to 397-8 and 4776 to 4779.)

"9. Appeals 'from the order made on the 27th day of July, 1903, sustaining plaintiffs' objection to the hearing of the motion and the renewal of the motion for a change of the

place of trial herein; and from the order made by the court herein on the 27th day of July, 1903, denying defendant's motion to strike out the items of costs in the memorandum of costs therein, and to retax the costs herein; and from the order denying defendant's motion for a new trial herein, made and entered in the said superior court on February 25th, 1904, in said action and from the whole thereof,' (*vide* transcript, folios 4427-8), 'on the ground that no sufficient undertaking on said appeals has ever been executed or filed.' (*Vide* transcript, folios 4782-5.)''

After various continuances, this motion was submitted in Department, where it was denied as to the appeal from the judgment and from the order overruling the motion for a new trial. A rehearing was subsequently granted and the motion has now been resubmitted to the full court.

Respondents contend that the first six appeals should be dismissed because they are from non-appealable orders. This is true; but an order dismissing these appeals would be a vain act, for the simple reason that each and every of the enumerated orders is reviewable on the appeal from the judgment, and if that appeal stands the case would be in exactly the same condition after such order as it is in now— the orders would still be reviewable. And this, in our opinion, is a fact which determines the true construction of the notice. It is, in substance and effect, a notice of appeal from the judgment and nothing more. The special enumeration of the various orders reviewable on that appeal is mere surplusage —and ought to be so treated—for nothing can possibly come under review on the hearing which would not have been equally subject to review if such enumeration had been altogether omitted. This was the ground upon which a similar motion to dismiss was denied in *Williams* v. *Dennison*, 86 Cal. 430, 25 Pac. 244, and that ruling we entirely approve.

This view disposes of the objection that but one undertaking was filed upon seven appeals. There was but one appeal, and but one undertaking was required.

It is next objected that the undertaking is insufficient to support that one appeal because it does not intelligibly describe or refer to the judgment in the cause. The undertaking is properly entitled in the cause, and states correctly the date of rendition and entry of the judgment. This was

sufficient in itself to bind the sureties and to enable the respondent to recover without being put to the proof of any matters *in pais.* The specification of one item or incident of the judgment—the $1,193.15 costs of suit—cannot invalidate what is otherwise sufficient.

As to the appeal from the judgment the motion to dismiss must be denied.

The second notice of appeal specifies three orders separately and independently appealable, neither one of which would be reviewable on appeal from the others. It is therefore a notice of three appeals, and was not perfected by the undertaking originally filed. (*Estate of Heydenfeldt,* 119 Cal. 346, 51 Pac. 534, and cases cited.) And that undertaking was not merely insufficient within the meaning of section 954 of the Code of Civil Procedure, which allows the filing of a new undertaking, but was in legal effect no undertaking at all. (*Estate of Heydenfeldt,* 119 Cal. 346, 51 Pac. 534.) Appellant contends, however, that since the motion to dismiss these appeals was based solely upon the ground that the original undertaking was *insufficient,* and as she filed, before the hearing of the motion, an undertaking approved by one of the justices of this court in support of her appeal from the order denying a new trial, that appeal cannot be dismissed. For, she says, the respondents must be held strictly to the grounds of their motion, and if the undertaking was only insufficient, she has, in pursuance of the statute, cured the defect.

A party is undoubtedly limited to the grounds of the motion specified in his notice, but while a notice is strictly construed against any attempt to mislead an opponent or to ambush an attack which with timely notice could be guarded against, the rule of construction ought not to be so strict in a case like this where the defect in the undertaking was incurable at the date of the notice, and where, in view of the settled practice of the court, the terms of the notice were sufficient to advise the appellant of the real and only objection to the undertaking.

The three appeals specified in the second notice are dismissed. The motion to dismiss the appeal from the judgment is denied.

Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the judgment and in all that is said in the opinion. As to the appeal from the judgment, the distinction between this case, where all the other orders specified in the notice and undertaking are reviewable upon the appeal from the judgment, and the enumeration thereof merely an idle and useless ceremony which can in no way affect the substantial rights of either party, and cases involving appeals from separate and independent orders, where an appeal from each order is essential to a review thereof by the appellate court, is obvious. Most of the cases relied on by respondent are cases of the latter class. (*Carter* v. *Butte Creek etc. Co.,* 131 Cal. 350, 63 Pac. 667; *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111, 41 Pac. 813; *McCormick* v. *Bevlin,* 96 Cal. 182, 31 Pac. 16; Home etc. *Assn.* v. *Wilkins,* 71 Cal. 626, 12 Pac. 799; *Corcoran* v. *Desmond,* 71 Cal. 100, 11 Pac. 815.) The only case cited by respondent, where the material facts may be held to be the same as in the case at bar is the *Estate of Heydenfeldt,* 119 Cal. 346, 51 Pac. 534, where the obvious distinction here made does not appear to have received the consideration of the court. The general rule declared in the opinion in that case, and the other cases cited herein, is applicable to the attempted appeal from the order denying the motion for a new trial and two orders made after judgment, but should not be held applicable to the appeal from the judgment.

Shaw, J., concurred with Angellotti, J.

Rehearing denied.