[Civ. No. 221.   Third Appellate District.—May 23, 1906.]

## THOMAS McAULAY, Appellant, v. TAHOE ICE COMPANY, Respondent.

APPEAL FROM JUDGMENT AND CONDITIONAL ORDER FOR JUDGMENT—SINGLE UNDERTAKING.—Upon an appeal from a judgment, and from a conditional order on the same day that judgment be entered for defendant on his payment to the clerk of a specified sum for jury fees, which appellant had declined to pay, but one undertaking on appeal in the sum of $300 is required.

ID.—NOTICE OF APPEAL TO SUPREME COURT—IMPROPER UNDERTAKING—MISDESCRIPTION OF COURT—DISMISSAL.—Where the notice of appeal properly designated the supreme court as having sole jurisdiction, since the amount claimed in the complaint of appellant exceeded $2,000, the undertaking on appeal should have conformed thereto; and where it misdescribed this court as the one to which the appeal was taken, as "the appellate court for the third district of the state of California," it was ineffectual for any purpose; and the appeal must be dismissed.

ID.—RIGHT TO SUBSTITUTED UNDERTAKING NOT INVOLVED.—Where no request was made by the appellant for leave to file a substituted

undertaking, and none was filed in the supreme court before the hearing of the motion in this court to dismiss the appeal, no question arose upon such hearing as to the right of appellant to have a proper undertaking approved by a justice of the supreme court under section 954 of the Code of Civil Procedure.

MOTION to dismiss appeal from a judgment of the Superior Court of Nevada County, and from a conditional order that judgment be entered for respondent. J. W. Hughes, Judge presiding.

The facts are stated in the opinion of the court.

J. M. Walling, for Appellant.

Morrison & Cope, and Thomas S. Ford, for Respondent.

CHIPMAN, P. J.—Action for personal services as agent of defendant. The cause was tried before a jury and, after deliberation, the jury returned into court and, being asked if they had agreed upon a verdict, answered they had. Before the amendment or recording thereof, the judge of the court ordered the plaintiff to pay the jury fees of $92, whereupon "counsel for plaintiff stated that plaintiff was unable to pay said jury fee."

The court then "ordered that plaintiff be granted ten days within which to pay the jury fee, and, if not paid during that time, the court would enter a judgment in favor of the defendant because of the failure of said plaintiff to pay said jury fee. The jury were then excused from further service." There was no rule of court regulating the payment of jury fees; although it was the practice of the court to require payment of the jury fee by the prevailing party before the verdict was read. Upon April 25, 1905, counsel for defendant gave notice of a motion to be heard on May 1, 1905, to dismiss said action and enter judgment for defendant upon the grounds, among others, that "ten days have elapsed since said court ordered plaintiff to pay the jury fees and the same have not been paid." Said motion was continued to May 20, 1905, on which date, on motion of defendant, the court made and entered an order "that judgment in said ac-

tion be entered in favor of the defendant upon payment by the defendant to the clerk of this court of said sum of $92.00.''

And on the twentieth day of May, 1905, judgment was entered that the plaintiff take nothing by his action.

Thereafter, to wit, on June 6, 1905, plaintiff served notice in the said action that he ''appeals to the Supreme Court of the State of California, from the judgment therein entered, in said Superior Court, on the 20th day of May, 1905, . . . also from the order of said court entered herein, dated May 20th, 1905.''

On June 6, 1905, plaintiff filed with the clerk of the court an undertaking in said action entitled ''In the Superior Court, County of Nevada, State of California. Thomas McAulay, plaintiff, vs. Tahoe Ice Company, a corporation, defendant. Undertaking on appeal.'' The body of the undertaking reads as follows: ''Whereas, the plaintiff, Thomas McAulay, in the above-entitled action intends to appeal to the Appellate Court, for the Third District, of the State of California, from a judgment and order made and entered against plaintiff in said action, in the Superior Court, in favor of defendant, Tahoe Ice Company, in said action, entered on the 20th day of May, A. D. 1905. . . . Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, . . . undertake and promise, . . . that the said appellant will pay all damages and costs which may be awarded against him on the appeal or on a dismissal thereof, not exceeding three hundred dollars.''

Respondent has filed a motion to dismiss the appeals on the following grounds: First, that no undertaking was filed within five days after the service of the notice of appeal; second, that no undertaking has been filed at any time; third, that the pretended undertaking is not an undertaking on appeal to the supreme court, but pretends to be an undertaking on appeal taken to a court having no existence, namely, to the appellate court for the third district of the state of California, and the notice of appeal given was that appellant appealed to the supreme court; fourth, that but one undertaking for $300 was given, whereas there were two appeals, each requiring such undertaking.

The undertaking was filed on the same day on which the notice of appeal was served and was in time. We think, also,

one undertaking for $300 was sufficient. (*Wadleigh* v. *Phelps*, 147 Cal. 135, [81 Pac. 418].)

A more serious question remains. The notice of appeal was that plaintiff appeals to the supreme court, and properly, because that court alone had jurisdiction, the amount claimed being in excess of $2,000. (Const., art. VI, sec. 4.) The undertaking recites that plaintiff "intends to appeal to the Appellate Court, for the Third District, of the State of California." There is no such court known to our judicial system by that title or name. Section 1, article VI of the constitution declares that "the judicial power of the state shall be vested . . . in a Supreme Court, District Courts of Appeal," etc. Section 4 divides the state, by counties, "into three Appellate Districts," provided that "in each of which there shall be a District Court of Appeal consisting of three Justices." The county of Nevada, whence comes this case, is embraced within this "the third district." Throughout the constitution, where reference is made to this court, it is designated a "District Court of Appeal."

"An appeal is taken by filing a notice with the Clerk of the Court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, . . . and serving a similar notice upon the adverse party or his attorney, . . . the appeal is ineffectual for any purpose unless within five days after service of the notice of the appeal, an undertaking be filed." (Code Civ. Proc., sec. 940.) "The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded on the appeal, or on a dismissal thereof, not exceeding three hundred dollars." (*Id.*, sec. 941.) The undertaking contemplated can be for no other purpose than to indemnify the respondent; i. e., "that the appellant will pay all damages and costs which may be awarded against him on the appeal." The appeal referred to is and can be none other than the appeal referred to in the notice. The appeal is declared to be "ineffectual for any purpose unless the undertaking be filed." The undertaking referred to in sections 940 and 941 is obviously the same undertaking. The indemnity attempted to be given was not against damages and costs that might be incurred in the supreme court, to

which plaintiff gave notice of appeal, and if one may regard the designation of the court given in the undertaking as sufficiently certain, it would not have been a compliance with the statute, for the requirement is that the undertaking shall be "to the effect that the appellant will pay all damages and costs which may be awarded against him *on the appeal*," which, as we have said, means only the "damages and costs awarded" in the judgment rendered in the court to which the appeal is noticed.

Appellant cites the following provision of section 4, article VI of the constitution: "No appeal taken to the Supreme Court or to a District Court of Appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the case shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein as if regularly appealed." And it is claimed to be of no consequence whether the case is appealed to the Supreme Court or to a District Court of Appeal." We do not so understand this provision. It means simply where an appeal is taken to one of these courts and the jurisdiction is in another, it must be transferred to the proper court, and shall not be dismissed because appellant had mistaken the court to which he has appealed. But where the appeal is taken to either one of these courts, whether it has or has not jurisdiction, the appeal to such court must comply with the law relating to appeals to that court in respect of the undertaking precisely as though no other court was in existence; if the court is referred to in the undertaking, it must name the court to which the appeal is noticed.

Under the provisions of the constitution, when the case is properly appealed to the supreme court, it may transfer the case to this or some other district court of appeal, and by such order of transfer, and not otherwise, does the district court of appeal acquire jurisdiction.

But it is claimed that section 941 of the Code of Civil Procedure does not require that the undertaking should mention the court to which the appeal is taken, and that the designation of the court as it appears in the undertaking may be rejected as surplusage; that the undertaking is entitled properly, and correctly refers to the judgment and order from which the appeal is taken, and this is sufficient. (Citing

*Wadleigh* v. *Phelps,* 147 Cal. 135, [81 Pac. 418].)    In that case the question here did not arise.    The notice was that the "defendant . . . appeals to the Supreme Court," and the undertaking stated that the defendant "is about to appeal to the Supreme Court."

It may be that an undertaking would be sufficient that states an intention to appeal from the judgment (describing it) without mentioning the court to which the appeal is to be taken, although the practice, we believe, is to name the court; and there are strong reasons, why the court to which the appeal is taken should be mentioned in the undertaking. On this point we express no definite opinion.    But where the undertaking mentions the court to which the appeal is taken, whether correctly designated or not, the sureties cannot be held on such an obligation if the appeal is in fact taken to another and different court from that designated.    The sureties may rely on the strict terms of their obligation.    (Brandt on Suretyship and Guaranty, sec. 106.)    It was said in *Hibernia etc. Soc. v. Freese,* 127 Cal. 70, [59 Pac. 769] : "It is required by a valid undertaking upon appeal that it shall refer with definiteness to the particular appeal to which it relates."    (See, also, *Zane* v. *De Onativia,* 135 Cal. 440, [67 Pac. 685].)

An appeal bond was conditioned for the prosecution of an appeal from the judgment of a justice of the peace to the Anne Arundel county court.    There was, in fact, no such court.    Held, the sureties were not estopped to deny the existence of the court by the recital in the bond.    The court said: "Whether the court exists or not is something more than a mere question of fact, as to which parties may agree or be concluded by admissions.    It must depend upon the constitution or laws; and when the court can see that the supposed tribunal is not known to these, it must so decide, no matter what the parties may have admitted by estoppel or agreement."    (*Tucker* v. *State,* 11 Md. 322.)

It must be conceded that there is no court such as is described in the undertaking.    It must also be conceded that the attempt made was to describe a court other than the one to which the appeal was in fact taken or noticed to be taken. On no principle can the recitals in the undertaking be rejected in order to hold the sureties to the payment of dam-

ages awarded in a different court from that referred to in the undertaking.

It cannot be doubted but that the intention of the party who drew the undertaking was to describe properly the district court of appeal for the third district, and the sureties may have supposed the designation correctly given or so intended to be given. But, this admitted, it only shows that there was no undertaking "on the appeal" which was to another and different court.

The question of appellant's right to have a proper undertaking approved by a justice of the supreme court, under section 954 of the Code of Civil Procedure, does not arise, as no such request has been made.

Besides, such substituted undertaking must "be filed in the Supreme Court before the hearing upon the motion to dismiss the appeal." (*Ibid.*)

The appeal is dismissed.

McLaughlin, J., and Buckles, J., concurred.