[Civ. No. 242.   First Appellate District.—September 29, 1909.]

## PACIFIC PAVING COMPANY, a Corporation, Appellant, v. PETER VERSO et al., Respondents.

APPEAL FROM JUDGMENT—BOND MISRECITING APPELLATE COURT—MOTION TO DISMISS—NEW BOND.—Where an appeal was properly taken to this court from the judgment only, and the bond given thereon properly refers to the judgment so as fully to identify it, the fact that it erroneously recites that the appeal is about to be taken to the supreme court does not render the appeal so fatally defective as to require its dismissal, where a new bond was properly approved and filed to sustain the appeal before the hearing of the motion to dismiss, in pursuance of section 954 of the Code of Civil Procedure.

ID.—OBJECTION TO LIABILITY OF SURETIES ON FIRST BOND—SUFFICIENCY OF APPEAL WITH NEW BOND.—It is no objection to the sufficiency of this appeal, as it now stands with a good bond filed and approved before the hearing of the motion to dismiss, to urge that the sureties on the original bond would not be liable thereon. If this were true, the appeal is sufficiently supported by the new bond, which amply protects the interests of the respondent.

ID.—CONSTRUCTION OF CODE PROVISION FOR NEW BOND—PURPOSE—REMEDIAL NATURE.—It is the purpose of section 954 of the Code of Civil Procedure to allow a sufficient bond to be filed to supply the defects of an insufficient bond. That section is remedial in its nature, and should receive a liberal interpretation with a view to the determination of appeals upon their merits.

ID.—POWER OF LEGISLATURE TO REGULATE APPEAL BONDS.—The entire law for the giving of any bond on appeal is statutory; and it is competent for the legislature to regulate the matter as its wisdom may direct.

Id.—Rule as to Void Appeal Inapplicable.—The rule that where there is more than one appeal, and the recitals of the undertaking do not identify the particular appeal which it was intended to perfect, the undertaking is void, and the appeal wholly ineffectual, does not apply to the facts of this case.

Id.—Effect of Erroneous Appeal to Supreme Court—Jurisdiction of Appeal Unaffected.—The effect of this appeal is practically the same as if it had been formally taken to the supreme court, which would have effected an appeal to this court under section 4 of article VI of the constitution, providing for a transfer to the proper court. It would still be the same appeal, and heard in this court upon the same record, and upon the same question.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

R. K. Barrows, for Appellant.

Alexander D. Keyes, for Respondents.

HALL, J.—Respondents have made a motion to dismiss the appeal in this case upon the ground that the appeal bond filed upon taking the appeal is so defective as not to support the appeal.

Two defects in the bond are pointed out by respondents, one of which they concede is not fatal, and may be corrected by the filing in this court of a new bond under section 954 of the Code of Civil Procedure. Before the hearing of this motion a new bond was filed and approved, which is sufficient in form and substance to support the appeal, provided the other defect in the original bond is not fatal to the appeal.

The appeal is from a judgment, and the bond properly refers to the judgment appealed from so as to fully identify it. The defect urged as fatal consists of the recital that "Whereas an appeal is about to be taken to the supreme court," when in fact the appeal was taken to this court.

It is contended that this does not identify the appeal, and that therefore the bond is no bond at all on this appeal.

It is true that it has been held that where the recitals in the undertaking do not identify the particular appeal which

it is intended to perfect, the undertaking is considered as totally void for any purpose, and not merely insufficient. (*Little* v. *Thatcher,* 151 Cal. 559, [91 Pac. 321] ; *Wadleigh* v. *Phelps,* 147 Cal. 135, [81 Pac. 418] ; *Estate of Heydenfeldt,* 119 Cal. 346, [51 Pac. 543] ; *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111, [41 Pac. 813] ; *Home & Loan Assn.* v. *Wilkins,* 71 Cal. 626, [12 Pac. 799] ; *Corcoran* v. *Desmond,* 71 Cal. 101, [11 Pac. 815].)

In most of the above cases several appeals had been taken and but one bond given, which did not show which appeal it was intended to perfect. In *Little* v. *Thatcher, supra,* the bond identified a judgment as the subject matter of the appeal, when in fact an order denying a motion for a new trial was the matter appealed from.

In the case at bar the bond fully identifies the matter from which the appeal was taken. It was the judgment rendered in the case, and is completely identified by the recitals in the bond. Furthermore, it was a judgment from which an appeal could only be properly taken to this court; and if the appeal should in form be taken to the supreme court the proceedings would still in law ultimately result in an appeal to this court. For in such case the constitution provides for a transfer of the appeal to the proper court. (Const., art. VI, sec. 4.) It would still be the same appeal, and heard upon precisely the same record, and involve the same questions.

It is no objection to the sufficiency of this appeal as it now stands, with a good bond filed and approved before the hearing of this motion, to say that the sureties on the original undertaking would not be liable. That may be true, and the appeal supported by the new bond. It is the very purpose of section 954, Code of Civil Procedure, to allow a sufficient bond to be given to supply the defects of an insufficient bond. (*Spreckels* v. *Spreckels,* 114 Cal. 61, [45 Pac. 1022] ; *Jarman* v. *Rea,* 129 Cal. 157, [61 Pac. 790] ; *Bay City Bldg. & Loan Assn.* v. *Broad,* 128 Cal. 670, [61 Pac. 368].) The entire law for the giving of any bond on appeal is statutory, and it is competent for the legislature to regulate the matter as its wisdom may dictate. (*Spreckels* v. *Spreckels,* 114 Cal. 61, [45 Pac. 1022].) Section 954, Code of Civil Procedure, allowing a new bond to be given when the original bond is

insufficient, is remedial in its nature, and we think for that reason should receive a liberal interpretation with a view to further the determination of appeals upon their merits. The giving of the new bond before the hearing of the motion to dismiss amply protects the interests of the respondent.

As before indicated, this appeal is in its legal effect practically the same as if the notice of appeal had in fact been an appeal to the supreme court. Such an appeal would have effected an appeal to this court, because, as the judgment is one directly appealable only to this court, the supreme court, under the constitution, would have transferred the appeal to this court. In either case, the appeal would be heard and determined by this court upon the same record, and the same question would be involved. In this regard the principle is analogous to that part of the decision in *Wadleigh* v. *Phelps, supra,* dealing with the appeals from the judgment, and various nonappealable orders reviewable upon the appeal from the judgment. But one bond was given, and it was held that this supported the appeal from the judgment. (Especially see concurring opinion by Mr. Justice Angellotti, 147 Cal. 142, [81 Pac. 418].)

We do not think the facts of this case bring it within the rule of those cases where the subject matter of the appeal is not identified by the bond; and in view of the remedial character of section 954, Code of Civil Procedure, the doctrine of those cases should not be stretched to cover cases not fairly within them.

In *McAulay* v. *Tahoe Ice Co.,* 3 Cal. App. 642, [86 Pac. 912], cited by respondent, no new bond was filed or offered, and the question of the effect of giving a new and sufficient bond under section 954 did not arise.

The motion to dismiss the appeal should be denied, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.