[Sac. No. 2036.   In Bank.—April 4, 1913.]

## S. JOSEPH THEISEN, Respondent, v. ROSE MATTHAI and LOUISE MATTHAI, Appellants.

APPEAL—ALTERNATIVE METHOD—UNDERTAKING NOT REQUIRED.—If an appeal may be regarded as taken under the "new and alternative method" provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, any defects in the undertaking on appeal must be disregarded, for the reason that under those sections no undertaking is required.

ID.—DISMISSAL—COMPLIANCE WITH NEW METHOD—APPELLANT SUPPOSEDLY PROCEEDING UNDER OLD METHOD.—An appeal will not be

dismissed where the appellant has complied with all of the requirements of the new method, even though he may have supposed he was proceeding under the old method and may have made an ineffectual attempt to take some of the steps necessary before the enactment of the new provisions.

ID.—TIME FOR APPEAL—NOTICE OF APPEAL AFTER TIME LIMITED BY NEW METHOD—APPEAL MUST BE PERFECTED ACCORDING TO OLD METHOD—NOTICE OF APPEAL—UNDERTAKING.—An appellant cannot take advantage of the more liberal procedure of the new sections unless he has taken his appeal within the time limited by those sections. If he has given his notice after the time allowed by the alternative method, but within that specified by section 939 of that code, he must comply with the provisions of section 940 requiring the serving, as well as filing, of his notice of appeal and the giving of an undertaking.

ID.—TIME FOR TAKING APPEAL BY NEW METHOD—NOTICE OF ENTRY OF JUDGMENT.—Under section 941b of that code, an appeal must be taken within sixty days after notice of the entry of the judgment or order sought to be reviewed has been served, and, in the absence of such notice, within six months after entry. Such notice is not required to state the date of the entry.

ID.—SERVICE OF NOTICE OF ENTRY—RUNNING OF TIME TO APPEAL.—Under that section, where notice of judgment is given, the time for taking the appeal begins to run from the service of the notice, and not from the date when judgment was entered.

ID.—APPEAL BY OLD METHOD—SINGLE UNDERTAKING COVERING SEVERAL APPEALS—INVALID UNDERTAKING — INCURABLE DEFECT.—Under the code provisions regulating the old method of appeal, a three hundred dollar undertaking must be given in connection with every appeal from an order or judgment, and, except in the case of an appeal taken from the judgment and from an order denying a new trial, a single undertaking reciting two appeals, and conditioned that the appellants will pay all damages awarded against them "on the appeal," will not support either of the appeals. Such single undertaking is not merely insufficient, but is invalid for any purpose, and the objection cannot be obviated by the filing of a new undertaking under section 954.

ID.—DISMISSAL OF MOTION TO VACATE JUDGMENT—APPEALS FROM ORDER AND JUDGMENT.—An appeal from an order dismissing a motion to vacate the judgment is a separate appeal from one from the judgment, and cannot be covered jointly with the appeal from the judgment, by a single undertaking.

ID.—SPECIFICATION OF GROUND FOR DISMISSAL OF APPEAL.—Where an appeal by the old method from the judgment, and an appeal from such order of dismissal, was accompanied by the giving of such

ineffective undertaking, a motion to dismiss the appeal from the judgment, on the ground that "no valid or sufficient undertaking on appeal has been given or filed . . . on said appeal or on any of the appeals herein," is sufficiently specific.

MOTION to dismiss appeals from a judgment of the Superior Court of Tehama County and from an order striking out a proposed statement and affidavits on motion for a new trial, and dismissing a motion for a new trial, and a motion for an order vacating and setting aside the judgment. J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

Rose Matthai, and Louise Matthai, *in pro. per.,* for Appellants.

McCoy & Gans, Marcus Rosenthal, and S. Joseph Theisen, for Respondent.

THE COURT.—Motion to dismiss appeals.

The action is one to quiet title to a parcel of land situate in the county of Tehama. Judgment in favor of the plaintiff was entered on the fifth day of July, 1911. On August 7, 1911, the defendant Rose Matthai filed her notice of intention to move for a new trial. The defendant Louise Matthai had theretofore, to wit, on July 18, 1911, filed a notice of intention to move to vacate and set aside the judgment. The plaintiff, in October, 1911, served and filed a notice that he would move the court for an order striking out the proposed statement of the defendant Rose Matthai and the affidavits on motion for a new trial, and dismissing the motion of Rose Matthai for a new trial and the motion of Louise Matthai for an order vacating and setting aside the judgment. On November 15, 1911, the court made its order granting the plaintiff's motion as just set forth. On January 2, 1912, the defendants filed a notice of appeal, whereby they stated that they appealed from the judgment, and also from the order of November 15, 1911, striking out the defendant Rose Matthai's proposed statement and the affidavits on motion for new trial, and dismissing the motion of Rose Matthai for a new trial and the motion of Louise Matthai for an order vacating and setting aside the judgment.

The plaintiff has moved to dismiss the appeal from the judgment and also the appeal (or appeals) from the orders of November 15, 1911.

Among the grounds urged for the dismissal of the appeal from the judgment are: "That the said appeal was not taken within the time required by law therefor . . .; 2. That no valid or sufficient undertaking on appeal has been given or filed by said defendants or either of them on said appeal or on any of the appeals herein."

Of course, if the appeal may be regarded as taken under the "new and alternative method" provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, any defects in the undertaking must be disregarded for the reason that under those sections no undertaking is required. And it is thoroughly settled in this court that an appeal will not be dismissed where the appellant has complied with all of the requirements of the new method, even though he may have supposed he was proceeding under the old method and may have made an ineffectual attempt to take some of the steps necessary before the enactment of the new provisions. (*Estate of McPhee,* 154 Cal. 385, [97 Pac. 878] ; *Mitchell* v. *California etc. S. S. Co.,* 154 Cal. 731, [99 Pac. 202] ; *Union Coll. Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435].)

But an appellant cannot take advantage of the more liberal procedure of the new sections unless he has taken his appeal within the time limited by those sections. If he has given his notice after the time allowed by the alternative method, but within that specified by section 939 of the code, he must comply with the provisions of section 940 requiring the serving (as well as filing) of his notice of appeal, and the giving of an undertaking. (*Suisun L. Co.* v. *Fairfield L. Co.,* 19 Cal. App. 587, [127 Pac. 349].) This conclusion is sufficiently obvious upon a mere reading of the code sections, and it has been applied by this court in at least two cases, in which appeals have been dismissed from the bench by orders made without the accompaniment of a written opinion. Under section 941b, an appeal must be taken within sixty days after notice of the entry of the judgment or order sought to be reviewed has been served, and, in the absence of such notice, within six months after entry. In the present case, written notice of decision and entry of judgment in

plaintiff's favor was served on defendants in July, 1911, more than five months prior to the filing of the notice of appeal. Objection is made that the notice so served on the defendants failed to give the date of the entry of the judgment. But this was not required. Where notice of judgment is given, the time for taking the appeal begins to run, under section 941b, from the service of the notice, not from the date when judgment was entered. The recital of a date which does not affect this time would be useless.

Viewing the appeal as one taken under the new method, it is open to attack on the first ground of the motion, viz., that it was not taken within time.

The appellants are, therefore, driven to the necessity of attempting to sustain their appeal as one taken under the old method, and in this aspect, the necessity for a sufficient undertaking arises. The undertaking here given is a single one in the sum of three hundred dollars. It recites the appeal from the judgment and from the order of November 15, 1911, and by it the sureties undertake that the appellants will pay "all charges and costs which may be awarded against them on the appeal." The bond purports, accordingly, to cover not only the appeal from the judgment and that from the order dismissing the motion of Rose Matthai for a new trial, but also the appeal from the order dismissing Louise Matthai's motion to vacate the judgment. It is thoroughly settled that, under the code provisions regulating the old method of appeal, a three hundred dollar undertaking must be given in connection with every appeal from an order or judgment (*Estate of Kasson*, 135 Cal. 1, [66 Pac. 871], and that a single undertaking reciting two appeals, and conditioned that the appellants will pay all damages awarded against them "on the appeal," will not support either of the appeals. (*Estate of Kasson*, 135 Cal. 1, [66 Pac. 871]; *Carter* v. *Butte Creek M. & P. Co.*, 131 Cal. 350, [63 Pac. 667], and cases cited; *Wadleigh* v. *Phelps*, 147 Cal. 135, [81 Pac. 418].) An exception to this rule is made where an appeal is taken from the judgment and from an order denying a new trial. In such case the two appeals are regarded as so far identical as to authorize the giving of a single undertaking to cover both. It is conceded that in this case the appeal from the order dismissing Rose Matthai's motion for a new trial comes within

this exception. But there still remains the appeal from the order dismissing Louise Matthai's motion to vacate the judgment. This is clearly a separate appeal, which could not be covered, jointly with the appeal from the judgment, by a single undertaking. (*Carter* v. *Butte Creek M. & P. Co.,* 131 Cal. 350, [63 Pac. 667].)

The authorities are conclusive to the effect that an undertaking like the one under discussion is not merely insufficient, but is invalid for any purpose, and that the objection cannot be obviated by the filing of a new undertaking under section 954. (*Home etc. Associates* v. *Wilkins,* 71 Cal. 626, [12 Pac. 799]; *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111, [41 Pac. 813]; *Estate of Heydenfeldt,* 119 Cal. 346, [51 Pac. 543]; *Wadleigh* v. *Phelps,* 147 Cal. 135, [81 Pac. 418].) We need not, therefore, stop to consider whether the undertakings presented by appellants after the oral presentation of the motion to dismiss, but before the filing of the briefs which were authorized, were filed in time to come within the terms of section 954. Besides, the new undertakings were no different from the original one in the particular under discussion.

The appellants contend that the notice of motion to dismiss should have specified the precise point in which the undertaking was bad. But we think, as was held in *Wadleigh* v. *Phelps,* 147 Cal. 135, [81 Pac. 418], that the specification of grounds should be held to be sufficient, especially in view of the fact that the defect was incurable, and was one that went to the jurisdiction of this court to entertain the appeal.

We see no escape from the conclusion that the appellants failed to take the steps requisite to give this court jurisdiction of the appeal from the judgment. The motion to dismiss the other appeals is not pressed, and has, apparently, no merit. These appeals were taken in time to enable appellants to rely on the new method, and consequently no question of service or of an undertaking is involved.

The appeal from the judgment is dismissed. The motion to dismiss the appeal from the orders of November 15, 1911, is denied.

Rehearing denied.

Beatty, C. J., does not participate in the foregoing decision.