[Sac. No. 20.   Department One.—July 12, 1895.]

EUGENE J. GREGORY ET AL., APPELLANTS, *v.* M. H. DIGGS ET AL., RESPONDENTS.

APPEAL—DISMISSAL—FILING POINTS AND AUTHORITIES.—A motion to dismiss an appeal for failure of the appellant to file points and authorities within the time limited by rule II of the supreme court will be denied, if a document purporting to be such points and authorities has been filed within the time limited. On such motion the court will not examine the document filed for the purpose of determining its sufficiency.

MOTION to dismiss appeals from an order of the Superior Court of Yolo County refusing an injunction and from a judgment in favor of the defendants. W. H. GRANT, Judge.

The facts are stated in the opinion of the court.

*Armstrong & Bruner*, for Appellants.

*E. B. Mering*, and *C. W. Thomas*, for Respondents.

THE COURT.—The respondents have moved to dismiss the appeals herein for failure on the part of the appellants to file their points and authorities within the time limited by rule II. The notice of appeal shows that the appeal is taken from an order refusing an injunction, and also from a judgment in favor of the defendants. Although the plaintiffs have included three defendants in their action they seek from them different relief— an injunction against Diggs alone and damages against them all. The order refusing the injunction and the judgment in favor of the defendants were made at the same time and in the same entry upon the records of the court with the order sustaining the defendants' demurrer to the complaint, and the appeals therefrom have been brought here upon a single record.

A document entitled " Opening Brief for Appellants" was filed within due time after the transcript was filed, but it is now claimed by the respondents that this brief applies only to the appeal from the order refusing the

injunction, and that it has no reference to the appeal from the judgment. We cannot, however, determine whether the brief is so limited without an examination of its merits, and it can be readily seen that, if we should countenance this practice, a respondent would be able to obtain a decision of the court upon the sufficiency of the appeal without being required to file his brief, unless such decision should be adverse.

As one of the grounds of relief sought by the complaint herein was an injunction against Diggs, if the complaint is sufficient to show that the plaintiff is entitled to this relief, an argument in support thereof would be applicable to the appeal from the judgment as well as from the order.

The motion is denied.