[S. F. No. 2032.   Department One.—October 26, 1899.]

In the Matter of the Estate of GEORGE W. FAY, Deceased. JAMES A. COSTA, Appellant, v. GEORGE W. FAY, Respondent.

APPEAL—DISMISSAL—INSUFFICIENT UNDERTAKING.—An undertaking on appeal "that the appellant will pay all damages and costs whic[h] may be awarded against him on the appeal, not exceeding three hundred dollars," which contains no agreement to make such payment "on a dismissal thereof," as required by section 941 of the Code of Civil Procedure, is insufficient, and the appeal will be dismissed for want of a sufficient undertaking, if no good and sufficient undertaking is filed in this court prior to the hearing of the motion to dismiss the appeal.

MOTION to dismiss an appeal from an order of the Superior Court of Santa Clara County requiring an administrator of an alleged deceased person to return to him the estate administered upon. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

H. A. Gabriel, Jacob Samuels, and C. D. Wright, for Appellant.

E. E. Cothran, for Respondent.

THE COURT.—Motion to dismiss the appeal. In the undertaking on appeal herein the sureties undertook and promised "that the appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars," but the undertaking does not contain an agreement on their part that he will make such payment "on a dismissal thereof," as required by section 941 of the Code of Civil Procedure. In *Duncan v. Times-Mirror Co.,* 109 Cal. 602, it was held that the omission of these words is fatal, and the appeal therein was for that reason dismissed. In *Duffy v. Greenebaum,* 72 Cal. 157, it was held that the appellant did not obviate this defect in the undertaking by having inserted the provision in the undertaking to stay execution of the judgment.

Prior to the hearing upon this motion the appellant presented another undertaking on appeal and asked that the same may be filed herein under the provisions of section 954 of the Code of Civil Procedure, but the same defect exists in the proposed undertaking as in the one originally filed. Under section 954 the appeal must be dismissed unless a "good and sufficient undertaking" is filed in this court. (See, also, *Centerville Co. v. Bachtold,* 109 Cal. 111; *Estate of Heydenfeldt,* 119 Cal. 346.)

The motion is granted and the appeal dismissed.