[S. F. No. 2063.   Department One.—October 27, 1899.]

W. H. STACKPOLE, Respondent, v. R. HERMANN, Appellant.

APPEAL FROM NEW TRIAL ORDER—PREMATURE UNDERTAKING—WANT OF CONSIDERATION—INVALIDITY.—An undertaking on appeal from an order denying a new trial must be assumed not to have been signed later than the date of the affidavit annexed thereto; and if, at that time, there was no order denying a new trial and no right of appeal therefrom, there was no consideration for the undertaking, and it could have no validity or effect to sustain a subsequent appeal from such order, but must be regarded as a nullity, and as if no undertaking had been filed, so far as such appeal is concerned.

ID.—DISMISSAL—ABSENCE OF UNDERTAKING—FILING OF NEW UNDERTAKING.—In case of the entire absence of an undertaking upon appeal from an order denying a new trial, the appeal must be dismissed. The appellant is not entitled in such case to supply the absence of an undertaking by filing a new undertaking by virtue of section 954 of the Code of Civil Procedure.

ID.—APPEAL FROM JUDGMENT—TIME OF SIGNING AND FILING UNDERTAKING—CASE AFFIRMED.—An undertaking upon appeal from a judgment is not invalidated by reason of the signing thereof by the sureties before the notice of the appeal was given, if the undertaking was filed within five days after service of the notice. The undertaking has no effect until filed, and upon being filed in proper time, becomes an executed and valid obligation upon the sureties.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. J. Roche, for Appellant.

F. W. Van Reynegom, for Respondent.

CXXVI. CAL.—30

HARRISON, J.—Motion to dismiss the appeal. Judgment herein was entered in the superior court April 8, 1899, and on June 23d an order denying the defendant's motion for a new trial was made. June 27th the defendant served upon the plaintiff a notice of appeal from both the judgment and the order, and on the next day filed the same with the clerk. June 28th he filed with the clerk an undertaking on appeal in proper form, but it did not show the date upon which it was executed. The affidavit of the sureties annexed to their undertaking was dated June 21st, and it must be assumed that the undertaking was not signed by them later than that date. At that time, however, there had been no order made denying a new trial, and there was, therefore, no right of appeal therefrom, or consideration for an undertaking upon such appeal. (*Clarke v. Mohr*, 125 Cal. 540.)

Prior to the hearing of this motion the appellant filed herein an undertaking on appeal, which had been approved by the chief justice, and upon that ground asks that the motion be denied. As the undertaking on the appeal from the order which was originally filed herein was without any consideration to support it, and was, therefore, incapable of sustaining the appeal, there was more than an "insufficiency" in the undertaking, and it must be regarded with the same effect as if no undertaking had been filed. It created no obligation upon the sureties and gave to the respondent no right to recover from them the costs and damages to which he might be entitled if the judgment should be affirmed or the appeal be dismissed. Such want of validity in the instrument is equivalent to the entire want of an undertaking, and the appellant is not entitled, by virtue of section 954, to supply its absence by filing a new undertaking. (*Home etc. Associates v. Wilkins*, 71 Cal. 626; *Estate of Heydenfeldt*, 119 Cal. 346.)

The objection to the undertaking on appeal from the judgment that it was signed by the sureties before the notice of appeal was given, was considered in *Clarke v. Mohr*, *supra*, and held to be untenable.

The appeal from the order denying a new trial is dismissed. The motion to dismiss the appeal from the judgment is denied.

Garoutte, J., and Van Dyke, J., concurred.