[S. F. No. 2064. In Bank.—July 10, 1900.]

J. P. JARMAN, Respondent, v. JAMES W. REA, Appellant.

APPEAL—DISMISSAL—DEFECTIVE UNDERTAKING—"INSUFFICIENCY"—NEW
UNDERTAKING.—Where an undertaking on appeal is so defective as
to amount to the entire absence of an undertaking, the appeal
must be dismissed; but where the undertaking is not so de-
fective, but is merely "insufficient" within the meaning of
section 954 of the Code of Civil Procedure, a new undertaking
sufficient in form, and approved by a justice of this court will
be allowed to be filed herein before the hearing of a motion
to dismiss the appeal, in which case the appeal cannot be dis-
missed.

ID.—FAILURE OF UNDERTAKING TO PROVIDE FOR DISMISSAL.—An under-
taking on appeal which provides that appellant will pay all
damages and costs which may be awarded against them on the
appeal, but which omits the clause "or on a dismissal thereof,"
is not a totally defective undertaking, which absolutely re-
quires the dismissal of the appeal, but is objectionable only for
"insufficiency," which may be remedied by the filing of a new
undertaking in this court.

ID.—WANT OF SPECIFICATIONS IN TRANSCRIPT.—The objection that the
transcript does not contain any specifications of the errors of
law, or the particulars in which the evidence is insufficient,
is not ground for a motion to dismiss the appeal, and cannot be
considered upon such a motion.

MOTION to dismiss an appeal from a judgment of the Su-
perior Court of Santa Clara County and from an order denying
a new trial. A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

H. V. Morehouse, F. J. Hambly, D. W. Burchard, and E. M.
Rea, for Appellant.

D. M. Delmas, Edwin A. Wilcox, and A. H. Jarman, for Re-
spondent.

HARRISON, J.—The respondent has moved to dismiss the
appeal herein upon the ground that the undertaking on appeal
provides only that the appellants will pay all damages and costs
which may be awarded against them on the appeal, and does
not contain the clause "or on a dismissal thereof," which is re-

quired by section 941 of the Code of Civil Procedure. Before the hearing upon the motion the appellant presented a good and sufficient undertaking, which was approved by the chief justice and filed with the clerk of this court, and contends that for that reason the motion should be denied.

Although the right of appeal is to be liberally construed, yet the party who has recovered a judgment against another ought not to be subjected to further cost in sustaining such judgment if it was properly rendered, or to delay in its enforcement, and for the purpose of indemnifying him in these respects an undertaking on appeal is provided for by statute. Section 940 of the Code of Civil Procedure declares that "the appeal is ineffectual for any purpose" unless an undertaking, "as hereinafter provided," is filed within five days after service of the notice of appeal. The character and terms of the undertaking are given in section 941, and section 954 provides: "No appeal can be dismissed for insufficiency of the undertaking thereon if a good and sufficient undertaking, approved by a justice of the supreme court, be filed in the supreme court before the hearing upon motion to dismiss the appeal." The respondent is in all cases entitled to such an undertaking as is prescribed in section 941, and if the appellant, after notice of a motion to dismiss his appeal for want of such undertaking, fails to present a sufficient undertaking before the hearing of the motion, his appeal will be dismissed, even though the defect be merely "insufficiency." (*Estate of Fay*, 126 Cal. 457.) The above provision of section 954 contemplates that, although an undertaking has been filed, it may be of such a character or in such a form as not to fully indemnify the respondent against the costs and damages which he may sustain by reason of the appeal. The use of the phrase "insufficiency of the undertaking" indicates a distinction between an undertaking which does not fully comply with all the terms of section 941 and the entire absence of an undertaking. An undertaking may be filed which is so defective as not to constitute any obligation upon the sureties therein, and which is in reality no undertaking at all. In such a case there is more than mere "insufficiency." There is an entire want of indemnity to the respondent, and section 954 has no application. In *Home etc. Associates v. Wilkins*, 71 Cal. 626, there

were appeals from two separate orders, and a single undertaking
which did not distinctly refer to either appeal. It was held
that it was so ambiguous that it must be regarded as if none
had been filed, and that to permit a new undertaking to be
filed under section 954 would be in effect to permit a new ap-
peal to be perfected after the time fixed by law. The same rul-
ing was made in *Centerville etc. Co. v. Bachtold,* 109 Cal. 111; *Es-
tate of Heydenfeldt,* 119 Cal. 346. In *Clarke v. Mohr,* 125 Cal.
540, the undertaking was executed before the order denying a
new trial had been made, and for this reason it was held that
there was no consideration for its execution. (See, also,
*Hibernia etc. Soc. v. Freese,* 127 Cal. 70; *Stackpole v. Hermann,*
126 Cal. 465.)

On the other hand, the undertaking may be defective in the
form in which it is framed, and yet sufficiently indicative of an
intent to comply with the terms of the statute as to be binding
upon the sureties, or it may be defective in that it indemnifies
the respondent against only a portion of the costs and damages
that may be awarded him. There is in such cases a mere "in-
sufficiency," which under section 954 may be remedied by the
filing of a sufficient undertaking. In *Spreckels v. Spreckels,* 114
Cal. 60, there were two appeals, one from the judgment and the
other from an order, which were properly recited in the under-
taking, and the sureties stipulated that the appellants would
pay all costs and damages which might be awarded against them
"on the appeals or either of them, or on the dismissal thereof,
or of either of them." This was held to be a sufficient compli-
ance with the statute, although the penal sum of the undertak-
ing was six hundred dollars in gross, instead of three hundred
dollars for each of the appeals. In *Bay City Assn. v. Broad,*
128 Cal. 670, the body of the undertaking was sufficient in
form, but its execution by one of the sureties was informal.
The undertaking was held to be merely insufficient, and a new
one was permitted to be filed.

It cannot be said in the present case that there is an entire
want of the undertaking provided by section 941. The sure-
ties undertake that the appellant "will pay all damages and
costs which may be awarded against him on the appeal." The
omission of a similar provision in case of a dismissal of the ap-

peal does not defeat or impair the undertaking in case there should be an affirmance of the judgment. The undertaking is merely defective in failing to provide for indemnifying the respondent in case the appeal should be dismissed. This must be held to be only an "insufficiency," which may be remedied by the filing of another undertaking.

The ground for the dismissal set forth in the notice of motion, that the transcript does not contain any specifications of the errors of law, or the particulars in which the evidence is insufficient to support the verdict, relates to the form and sufficiency of the specifications, and cannot be considered upon a motion to dismiss the appeal. An appeal cannot be dismissed when the entire record in the transcript must be examined for the purpose of ascertaining the sufficiency of the grounds urged in support of the motion. (See *Howell v. Howell*, 101 Cal. 115; *Randall v. Duff*, 105 Cal. 271; *Gregory v. Diggs*, 108 Cal. 123.)

The motion to dismiss the appeal is denied, and the undertaking filed herein June 29, 1900, will stand as the undertaking on this appeal.

Henshaw, J., McFarland, J., Beatty, C. J., and Van Dyke, J., concurred.