[Civ. No. 1320.   Third Appellate District.—February 5, 1915.]

M. COHEN, Petitioner, v. CLIFTON H. CONNICK, as Judge of the Superior Court of the County of Humboldt, and said SUPERIOR COURT, Respondents.

JUSTICES' COURT APPEALS—UNDERTAKING ON—JURISDICTION.—The giving of an undertaking on appeal from a justice's court is a jurisdictional prerequisite; but there is a vital difference between the case where a bond, merely defective in some matter of form, has been filed and where there is no undertaking at all or where it is so defective as to be entirely invalid. In the former case a new bond may be filed in the appellate court. This is true on appeal to the superior court as well as to the courts of appeal ·or the supreme court.

ID.—UNDERTAKING TO PAY COSTS—STAY-BOND—JURISDICTION.—While there may be a stay-bond and an undertaking to pay the costs on appeal embodied in one instrument, only an undertaking for the payment of costs is essential to confer jurisdiction upon the appellate court.

ID.—SUFFICIENCY OF UNDERTAKING FOR COSTS.—Where a bond given on an appeal from the justice's court designated, "Undertaking on appeal from a judgment directing the payment of money," was signed by the principal and two sureties each of whom properly justified, and recited that the defendant had appealed to the superior court from a judgment entered against him in said action, on the 17th day of August, 1910, in favor of plaintiff for the sum of $43.00 in costs, and provided, "Now, therefore, in consideration of the premises, we, the undersigned, do hereby jointly and severally undertake, in the sum of one hundred dollars . . . that appellant will pay any judgment and costs that may be recovered against him in the said action in the said superior court, not exceeding one hundred dollars," the bond was sufficient as an undertaking to pay costs and included all costs incurred on appeal; and that portion of such bond (which was executed on a printed blank), containing a blank form of undertaking to stay execution, which was not filled out, may be disregarded, where from the whole instrument it sufficiently appears that the document was intended as a bond for *costs* on appeal.

ID.—CONSTRUCTION OF SECTIONS 941 AND 978 CODE CIVIL PROCEDURE—FORM OF BOND.—Section 941 of the Code of Civil Procedure applies to appeals from the superior court, while section 978 of said code applies to appeals from the justices' court; and the latter section seems to exact the specification "if the appeal be withdrawn or dismissed" only when the undertaking is for a stay of execution; but if the latter section should require said provision its omission would

constitute merely an "insufficiency" which might be remedied by the filing of another undertaking.

ID.—MOTION TO DISMISS APPEAL—ACTION NOT REVIEWABLE ON PROHIBITION.—In a proceeding to prohibit the lower court from proceeding with the trial of an action upon appeal from a justices' court, the action of the lower court in refusing to dismiss the appeal because of the long delay of. the appellant in bringing it to hearing, cannot be considered.

APPLICATION originally made in the District Court of Appeal for the Third Appellate District to prohibit the Superior Court of Humboldt County from proceeding with the trial of an action on appeal from a justice's court.

The facts are stated in the opinion of the court.

John H. Dufur, and Henry L. Ford, for Petitioner.

Pierce H. Ryan, for Respondents.

BURNETT, J.—Petitioner seeks to prohibit the lower court from proceeding with the trial of the case of Cohen *v.* Blum, on appeal from the justice court of Eureka township.

In response to the alternative writ heretofore issued out of this court, respondents have filed a demurrer and an answer, the latter containing a transcript of the testimony at the hearing, by the said superior court, of the motion made therein by petitioner to dismiss the appeal, and also some other exhibits. There is no controversy as to the facts and it is stipulated that all the documents filed herein may be considered in determining this application.

The main question is whether a purported bond filed by appellant in said justice's court was sufficient to confer upon said superior court jurisdiction of the appeal.

It is not disputed that an undertaking on appeal from a justice's court is a jurisdictional prerequisite. (*Hall* v. *Superior Court,* 68 Cal. 24; [8 Pac. 509]; *McKeen* v. *Naughton,* 88 Cal. 462, [26 Pac. 354].) The statute itself is plain enough. Section 978 of the Code of Civil Procedure provides: "An appeal from a justice's or police court is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on the appeal." There is also a

further provision in the same section as to an additional undertaking in order to accomplish a stay of execution.

It is claimed, though—and justly so—that there is a vital difference between the case where a bond, merely defective in some matter of form, has been filed and the instance where there is no undertaking at all or where it is so defective as to be entirely invalid. This distinction is clearly recognized in the decisions and it has been held that where an imperfect though not void undertaking has been given, another one may be filed in the appellate court. This seems to be true on appeal to the superior court as well as to the court of appeal or the supreme court.

In *Billings* v. *Roadhouse,* 5 Cal. 71, the bond was defective by reason of the omission of the words, "to pay to," and the county court dismissed the appeal. The supreme court said: "The defect pointed out is so trifling, that the obligation of the bond would not be affected by it. Even if it were otherwise, the court should have given the party leave to file a good bond."

In *Cunningham* v. *Hopkins,* 8 Cal. 34, the bond on appeal to the county court was defective—but in what respect does not appear—and it was held that plaintiff should have been permitted by the county court to file a good one before the motion to dismiss the appeal was determined.

In *Gray* v. *Amador County,* 61 Cal. 337, the supreme court approved of the action of the superior court in permitting the appellant to file another undertaking in lieu of an undertaking insufficient in form filed in the justice court from which the appeal was taken. It was said: "With respect to a question of practice, like that here presented, we do not feel authorized, at this late day, to disturb a ruling intended to assist parties to a hearing in the appellate court."

In the recent case of *Werner* v. *Superior Court,* 161 Cal. 209, [118 Pac. 709], it was said: "An undertaking on appeal from the justice's court, taken by the plaintiff, which erroneously provides that the sureties will pay all costs and damages awarded against 'the defendant' instead of 'plaintiff,' is defective merely and not a nullity. Such defect may be cured by the filing in the superior court of a sufficient undertaking, in pursuance of leave first obtained from that court."

Other cases cited to the point by respondents are: *Rabe* v. *Hamilton,* 15 Cal. 32; *Moyle* v. *Landers,* 78 Cal. 107, [12 Am. St. Rep. 22, 20 Pac. 241]; *Chicago* v. *Moore,* 34 Okl. 199, [124 Pac. 989]; *Roberts* v. *Converse,* 37 Okl. 169, [131 Pac. 539]; *Harper* v. *Pierce,* 37 Okl. 457, [44 L. R. A. (N. S.) 1144, 132 Pac. 667]; *Churchman* v. *Payte,* 37 Okl. 649, [133 Pac. 178]. To these we deem it unnecessary to devote specific attention.

In *Jarman* v. *Rea,* 129 Cal. 158, [61 Pac. 790], some light is thrown upon the consideration of the character of the infirmity in the bond that may be corrected by a new undertaking filed in the appellate court. Therein it is said: ''The above provision of section 954 contemplates that, although an undertaking has been filed, it may be of such a character or in such a form as not to fully indemnify the respondent against the costs and damages which he may sustain by reason of the appeal. The use of the phrase, 'insufficiency of the undertaking' indicates a distinction between an undertaking which does not fully comply with all the terms of section 941 and the entire absence of the undertaking. An undertaking may be filed which is so defective as not to constitute any obligation upon the sureties therein, and which is in reality no undertaking at all. In such a case there is more than mere 'insufficiency.' There is an entire want of indemnity to the respondent, and section 954 has no application.'' It is true that said section 954 specifically refers to appeals to the supreme court and to a district court of appeal, but the supreme court, in considering appeals from the justice court, has approved the same practice as that expressly authorized by said statute. And in the decisions of the question whether a new undertaking may be filed in the superior court the same distinction has been made between a void undertaking, or one that ''is in reality no undertaking at all,'' and one that is merely ''defective'' in not fully complying with the requirements of the statute.

The vital consideration, then, is, whether the bond in question filed in the justice court was and is an undertaking in reality at all, and that would seem to depend upon the question whether it is sufficient to indemnify respondent and to impose upon the sureties the obligation to pay the costs of appeal.

The said bond was prepared on a regularly printed form designed for use as an undertaking for costs and also to stay execution and, after title of the court and cause, was in the following form: "Whereas, *M. Blum,* the defendant in the above entitled action has appealed to the Superior Court of the County of *Humboldt* from a *judgment* made and entered against him in the said action, in the said Justice's Court, on the *17th* day of *August,* A. D. 19*10*, in favor of *M. Cohen,* said plaintiff, for...... or for the sum of *forty-three* (*$43.00*) *dollars and costs of suit,*

"Now, Therefore, in consideration of the premises, we, the undersigned, do hereby jointly and severally undertake, in the sum of *One Hundred* dollars,

"And Whereas, the appellant is desirous of staying the execution of said judgment, in so far as relates to the delivery of...... we do further, jointly and severally undertake and promise, in the further sum of................dollars being the amount for that purpose fixed by the justice of said court, that during the............ so as aforesaid fixed by the said justice of said court by which the said judgment was rendered and that appellant will pay any judgment and costs that may be recovered against *him* in the said action in the said Superior Court, not exceeding *One Hundred* dollars, as fixed by the justice of said court."

We have italicised the only written words in said instrument, the printed form having been taken as the basis of the obligation, as already stated.

In considering the sufficiency of the foregoing it is well to recall that while there may be a stay-bond and an undertaking to pay the costs on appeal embodied in one instrument, only an undertaking for the payment of costs is essential to confer jurisdiction upon the appellate court. (Code Civ. Proc., sec. 978; *Edwards* v. *Superior Court,* 159 Cal. 710, [115 Pac. 649].)

We observe, also, that manifestly there was no attempt to complete the blank form of the undertaking to stay execution and that portion of the instrument may therefore be disregarded. Rejecting the printed matter relating to a stay of proceedings, we think it sufficiently appears that the document was intended as a bond for the *costs* on appeal. Indeed, it is perfectly clear that such was the intention, and

we believe that the expression of that intention is definite enough to be legally enforced.

The bond was properly entitled and designated: "Undertaking on appeal from a judgment directing the payment of money." It was signed by the principal and two sureties each of whom properly justified. It recites that the defendant has appealed to the superior court from a judgment entered against him in said action, on the seventeenth day of August, 1910, in favor of plaintiff for the sum of forty-three dollars and costs. With the omission of the redundant portion as aforesaid, we have the obligation of the parties expressed as follows: "Now, Therefore, in consideration of the premises, we, the undersigned, do hereby jointly and severally undertake, in the sum of one hundred dollars . . . that appellant will pay any judgment and costs that may be recovered against him in the said action in the said superior court, not exceeding one hundred dollars."

It is difficult to conceive how the sureties could more effectually express their purpose to be responsible for the payment of the costs than to declare that they "undertake" that the appellant will pay said costs. Nor is there less doubt as to what "costs" are referred to. As said, in *Jones* v. *Superior Court*, 151 Cal. 591, [91 Pac. 506] : "It is somewhat difficult to imagine what 'costs' are alluded to in the undertaking, unless costs on appeal be intended, for the costs incurred at the trial in the justice's court had become inserted in and were a part of the judgment and were therefore included in the promise to pay the judgment. However, it is quite clear that 'all costs' included costs on appeal." We think it equally clear that "any costs," referred to herein, would embrace all costs that might be incurred by reason of the appeal.

Petitioner contends, though, that this position cannot be maintained in view of the following decisions: *Duncan* v. *Times Mirror Co.*, 109 Cal. 607, [42 Pac. 147] ; *Estate of Fay*, 126 Cal. 457, [58 Pac. 936] ; *Zane* v. *De Onativia*, 135 Cal. 440, [67 Pac. 685], and *Lane* v. *Superior Court*, 5 Cal. App. 762, [91 Pac. 405]. In the first of these it was held that "an undertaking on an appeal from a judgment, which fails to contain a stipulation for the payment of damages and costs in the event of dismissal of the appeal, as required by section 941 of the Code of Civil Procedure, is ineffectual."

In the *Estate of Fay,* 126 Cal. 457, [58 Pac. 936], the same rule was declared and the Duncan case was cited as authority therefor.

In *Zane* v. *De Onativia,* 135 Cal. 440, [67 Pac. 685], the appeal was taken by only one party to the action and the undertaking purported on its face to be given on an appeal taken by several appellants and it was held that the undertaking was insufficient to support the appeal since, ''standing upon the strict letter of their contract, the sureties could never be liable for anything upon this undertaking.''

In *Lane* v. *Superior Court* the sureties failed to justify when required to do so and it was therefore held that the appeal must be regarded as if no undertaking had been given.

Of the foregoing, it is manifest that only the first two can be regarded as at all in point and of these it is to be observed that they involved an appeal from the superior court. In such appeal the statute (Code Civ. Proc., sec. 941) specifically provides that the undertaking must be ''to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof,'' while, as stated in the Jones case, ''The law governing the matter of undertakings on appeal from a justice's court to a superior court is found in section 978 of the Code of Civil Procedure.'' And as to this section it is to be observed that it seems to exact the specification, ''if the appeal be withdrawn or dismissed'' only when the undertaking is for a stay of execution.

But conceding that this provision is applicable to a bond for costs, it would still follow, under the authority of *Jarman* v. *Rea,* 129 Cal. 159, [61 Pac. 790], a later case than *Duncan* v. *Times Mirror Co.* or *Estate of Fay,* that the undertaking is not entirely void. Therein it is declared: ''It cannot be said in the present case that there is an entire want of the undertaking provided for by section 941. The sureties undertake that the appellant 'will pay all damages and costs which may be awarded against him on the appeal.' The omission of a similar provision in case of a dismissal of the appeal does not defeat or impair the undertaking in case there should be an affirmance of the judgment. The undertaking is merely defective in failing to provide for indemnifying the respondent in case the appeal should be dis-

missed.   This must be held to be only an 'insufficiency' which may be remedied by the filing of another undertaking.''

The latest expression of the supreme court to which our attention has been called is found in *Edwards* v. *Superior Court,* 159 Cal. 710, [115 Pac. 649].   Therein it is said: ''The undertaking is in more than the sum of one hundred dollars, and is conditioned for the payment of the costs on the appeal.   It thus contains all that is required by section 978 of the Code of Civil Procedure, to make the appeal effectual.   Its validity as an appeal bond is not destroyed by the fact that it also purports to be given to stay execution. Whether or not it is effectual to operate as a stay-bond is not here involved.''

It is true that the appeal bond therein contained the provision as to the dismissal of the appeal but, if it had been otherwise, we think the decision would have been the same.

We think, as said in *Pacific Window Glass Co.* v. *Smith,* 8 Cal. App. 768, [97 Pac. 901], that ''the conclusion we have reached responds to the spirit and corresponds with the trend of modern decisions on points of practice in general which is that causes should be permitted to be heard on their merits, where, in so ruling, positive violence is not done some rule or rules of procedure and practice.''

We conclude that the bond was sufficient to bind the sureties and to give the superior court jurisdiction of the appeal. If this conclusion be sound, it would probably follow that no additional bond in the superior court was necessary.   But respondent was thereby afforded greater security and of this he cannot complain.

Petitioner's objection to the action of the court in refusing to dismiss the appeal because of the long delay of appellant in bringing it to a hearing cannot be considered on this application.   Clearly, the court had jurisdiction to deny the motion as well as to grant it.   It was addressed to the discretion of the court and, while the excuse for the protracted delay does not seem very satisfactory, the court's action is not subject to review here.

The peremptory writ is denied.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1915.