(May 28, 1921.)

JACK DORAN, Respondent, v. A. BIRD, Appellant.

[199 Pac. 85.]

APPEAL AND ERROR—UNDERTAKING—AMENDMENT.

1. An undertaking on appeal from the probate to the district court which binds the sureties to pay "all costs on said appeal if judgment in favor of said plaintiff is rendered in said district court," is insufficient when challenged by motion to dismiss.

2. Such an undertaking is defective and not void.

3. An undertaking on appeal from a justice's or probate court to the district court which is defective and not void may be amended prior to dismissal of the appeal in the discretion of the district court.

4. It is not an abuse of discretion to decline to permit an undertaking on appeal to the district court to be amended, where the application therefor is delayed ten days after the argument of the motion to dismiss and is not accompanied by a sufficient undertaking duly executed.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed L. Bryan, Judge.

Judgment dismissing appeal from the probate to the district court. *Affirmed.*

Geo. C. Huebener, for Appellant.

So long as the undertaking was not entirely void and was sufficient to perfect a naked appeal, leave should be granted to file an amended undertaking in the appellate court. (*Cohen v. Connick,* 26 Cal. App. 491, 147 Pac. 479; *Billings v. Roadhouse,* 5 Cal. 71; *Gray v. Superior Court,* 61 Cal. 337; *In re Paige,* 12 Ida. 410, 86 Pac. 372.)

If the undertaking shows the intention to give an undertaking for appeal and the language used binds the sureties to pay the costs on appeal, the bond is effectual for the purpose of the appeal, even though it be fatally defective for the purpose of staying proceedings. (*Edminston v. Steele,* 12 Ida. 613, 87 Pac. 677; 3 C. J., sec. 1231, p. 1166.)

The specification, "if the appeal be withdrawn or dismissed," is required *only* where the undertaking is for a stay of execution. (*Cohen v. Connick, supra.*)

H. S. Worthman, Ira E. Barber and Sidman I. Barber, for Respondent.

The bond does not comply with the requirements of sec. 7183, C. S. (*Kelly v. Leachman,* 5 Ida. 521, 51 Pac. 407; *Jones v. Superior Court,* 151 Cal. 589, 91 Pac. 505; *Wilson v. Doyle,* 12 Ida. 295, 85 Pac. 928.)

In construing the sufficiency of bonds generally this court has never departed from the rule laid down in the following Idaho cases: *McCoy v. Oldham,* 1 Ida. 465; *Mathison v. Leland,* 1 Ida. 712; *Eddy v. Van Ness,* 2 Ida. 101, 6 Pac. 115; *Cronin v. Bear Creek Gold Min. Co.,* 3 Ida. 438, 32 Pac. 53; *Schiller v. Small,* 4 Ida. 422, 40 Pac. 53.

The district court had a right to determine whether or not it had jurisdiction of the matter before it, having ruled that the bond before it was void and insufficient for any purpose, either as a stay bond or an appeal bond, and there being no undertaking on file sufficient for any purpose.

(*Motherwell v. Taylor*, 2 Ida. 148, 9 Pac. 417; *Rich v. Superior Court*, 31 Cal. App. 689, 161 Pac. 291.)

RICE, C. J.—Appellant appealed to the district court from a judgment entered in the probate court of Gem county, and filed the following undertaking on appeal:

"Whereas, A. Bird, the above-named defendant in the above-entitled cause, is about to appeal to the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Gem, from the judgment rendered in favor of plaintiff in the above-entitled court on the 1st day of March, 1919, in the sum of Two Hundred Fifty-four and no/100 ($254.00) dollars, and costs in the sum of Forty-four and 95/100 ($44.95) dollars and desires and claims a stay of execution.

"Now therefore, in consideration of the premises, and of said appeal, we the undersigned hereby undertake and promise jointly and severally and acknowledge ourselves bound in the sum of Six Hundred ($600.00) dollars on the part of said defendant that said defendant will pay said judgment and all costs on said appeal if judgment in favor of said plaintiff is rendered in said district court."

The district court dismissed the appeal for the reason that the undertaking was not sufficient. It is contended that although not sufficient as a *supersedeas* bond, the undertaking was sufficient to sustain the appeal without staying execution. The statutory provision for such undertaking is found in C. S., sec. 7183, as follows: "An appeal from a justice's or probate court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in the sum of $100.00, for the payment of the costs on appeal; . . . . "

The undertaking bound the sureties for costs upon the appeal only in case judgment be rendered in the district court in favor of respondent. The restrictive clause of the undertaking prevents the sureties from being liable for all costs which might be incurred on the appeal.

Under C. S., sec. 7185, provision is made for the dismissal by the district court of appeal from the probate or justice's court upon certain contingencies. An appeal might be dismissed or withdrawn by the appellant. Upon the happening of either of these contingencies the sureties would not be bound for appellant's costs.

The undertaking was therefore insufficient to support the appeal, when challenged by motion to dismiss.

It was, however, defective and not totally void. (*Jarman v. Rea,* 129 Cal. 157, 61 Pac. 790; *Cohen v. Connick,* 26 Cal. App. 491, 147 Pac. 479.)

A motion to dismiss the appeal was presented to the court and appellant granted ten days in which to file brief. On the tenth day appellant asked leave to file an amended undertaking, accompanying his request with a form of the proposed amended undertaking, which was not executed or signed by anyone. The court denied the application.

The statute makes no provision for amendment or substitution of an undertaking on appeal from justice's or probate courts to the district court. In the cases of *In re Paige,* 12 Ida. 410, 86 Pac. 273, and *Watt v. Decker,* 16 Ida. 184, 101 Pac. 253, the court assumed that an undertaking, defective but not void, is subject to amendment prior to the action of the court in dismissing the appeal.

We think the undertaking filed in this case was sufficient, if it had not been challenged by respondent, to vest the court with jurisdiction to try the case *de novo* and enter judgment therein. (*Jarman v. Rea, supra; Starkweather v. Bell,* 12 S. D. 146, 80 N. W. 183; *Wasem v. Bellach,* 17 S. D. 506, 97 N. W. 718; 2 Stand. Ency. of Procedure, p. 80.) That being true, the district court had discretionary power to permit an amendment. The exercise of its discretion, however, will not be disturbed except in case of abuse. The court did not abuse its discretion in declining to permit the amendment, since the application therefor was delayed ten days after the argument and was not accompanied by a sufficient undertaking duly executed.

The judgment of the district court is affirmed, with costs to respondent.

McCarthy, Dunn and Lee, JJ., concur.

Budge, J., did not sit at the hearing in this case and took no part in the opinion.