(March 20, 1922.)

# L. J. MESERVY, Respondent, v. IDAHO IRRIGATION COMPANY, LIMITED, a Corporation, Appellant.

[205 Pac. 559.]

APPEAL—MOTION TO DISMISS—UNDERTAKING ON APPEAL AND FOR STAY OF EXECUTION COMBINED — DEFECTIVE UNDERTAKING — METHOD OF ATTACKING—WAIVER OF DEFECT.

1. One instrument may serve the double purpose of an undertaking on appeal and of an undertaking for stay of execution, if it substantially meets the requirements of both C. S., sec. 7154, and C. S., sec. 7155.

2. An undertaking which provides that appellant will pay all damages and costs which may be awarded against him on appeal, and omits the words, "or on a dismissal thereof," is defective, but not void.

3. Such defect is waived unless raised by respondent in the manner and within the time provided by C. S., sec. 7154.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Motion to dismiss appeal. *Denied.*

Walters, Hodgin & Bailey, for Appellant.

The undertaking on appeal and *supersedeas* may be included in one instrument. (Sec. 7160, C. S.; 2 Haynes, New Trial and Appeal (Rev. ed.), p. 1172; *Zoller v. McDonald,* 23 Cal. 136.)

The omission from the undertaking of the words "or the dismissal thereof" is a defect and does not render the undertaking void. (2 Haynes, New Trial and Appeal (Rev. ed.), p. 1174, and authorities cited; *Jarman v. Rea,* 129 Cal. 157, 61 Pac. 790.)

Any defect or insufficiency in an undertaking is waived unless the respondent, within twenty days after the filing of such undertaking, serves appellant or his attorney with written notice particularly pointing out such defect or in-

35 Idaho—17

sufficiency. (Sec. 7154, C. S.; *Martin v. Wilson* (on rehearing), 24 Ida. 363, 365, 134 Pac. 535.)

James R. Bothwell and W. Orr Chapman, for Respondent.

The appeal in this case must be dismissed because no undertaking on appeal has been filed, nor sum of money been deposited with the clerk of the lower court to abide the event of the appeal as required by sec. 7154, C. S. The undertaking required to be given under the provisions of sec. 7154, C. S., has not been waived. (*Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583; *Stine Lumber & Shingle Co. v. Hemenway,* 32 Ida. 153, 179 Pac. 505, and cases cited; *Robinson v. St. Maries Lumber Co.,* 32 Ida. 651, 186 Pac. 923; 3 C. J., p. 1166.)

McCARTHY, J.—Respondent has moved to dismiss appellant's appeal on the ground that no undertaking on appeal has been filed, or sum deposited, in accordance with C. S., sec. 7154, and an undertaking has not been waived. Respondent recovered judgment for $1,547.96 with $106 costs, or a total of $1,653.96. The undertaking reads as follows:

"Title of Court and Cause.
                    "UNDERTAKING ON APPEAL.

"WHEREAS, The defendant in the above-entitled action has appealed or is about to appeal to the Supreme Court of the State of Idaho, from the judgment made and entered against it in the above-entitled action in the District Court of the Fourth Judicial District, of the State of Idaho, in and for the county of Blaine, in favor of said plaintiff and against the said defendant, on the 23d day of July, 1921, for One Thousand Five Hundred Forty-Seven and 96/100 ($1,547.96) Dollars, together with the costs in the sum of One Hundred Six and no/100 ($106.00) Dollars.

"WHEREAS, the appellant herein is desirous of staying the execution of said judgment so appealed from, we the undersigned, residents of the County of Twin Falls, State of Idaho, do, in consideration thereof, and of the premises,

jointly and severally, undertake and promise, and do acknowledge ourselves, jointly and severally bound in the sum of Three Thousand Six Hundred Seven and 92/100 ($3,607,-.92) Dollars, gold coin of the United States, and that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant will pay in United States gold coin, the amount directed to be paid by said judgment or the part of the amount, as to which said judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant herein, upon such appeal; that if the said appellant does not make such payment, within thirty (30) days after the filing of the *remittitur* from the Supreme Court of the State of Idaho, in the District Court, from which this appeal is taken, judgment may be entered upon the motion of the respondent, and in their favor against the undersigned sureties, for the said amount of said judgment, together with the interest which may be due thereon, and the damages and costs that may be awarded against the appellant on appeal.

"E. A. WALTERS,
"S. L. HODGIN."

C. S., sec. 7154, provides: "The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding $300; . . . . "

C. S., sec. 7155, provides: "If the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order, unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment or order, that if the judgment or order appealed from, or any part thereof, be affirmed or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment or order, or the part of such amount as to which the judgment or order is affirmed, if affirmed only in part and all damages

and costs which may be awarded against the appellant upon the appeal, and that if the appellant does not make such payment within 30 days after the filing of the *remittitur* from the supreme court in the court from which the appeal is taken, judgment may be entered, on motion of the respondent in his favor, against the sureties, for such amount together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal. . . . . ''

C. S., sec. 7154, also provides: ''If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within 20 days after the filing of such undertaking, shall file and serve upon the appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. No defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking or the appeal. The appellant may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed.''

Respondent contends that there is no undertaking on appeal. Appellant contends that he has furnished both an undertaking on appeal and a *supersedeas,* in one and the same instrument.

There is no objection to furnishing an undertaking for both purposes in the same instrument, if the requirements of both sections 7154 and 7155 are substantially met. The amount of the undertaking equals double the amount of the judgment and costs, plus $300. So far as the amount is concerned, it thus satisfies the requirements of both sections. All the conditions prescribed by sec. 7155 are included in substantially the words of the statute. All the conditions prescribed by sec. 7154 are included, except that it reads, ''all damages and costs which may be awarded against appellant herein upon such appeal,'' whereas the statute reads, ''all damages and costs which may be awarded against him on appeal *or on a dismissal thereof.*'' However, earlier in the undertaking we find the language, ''if the said judg-

ment appealed from or any part thereof be affirmed or the appeal dismissed, the appellant will pay,'' etc. It would seem that this language takes the place of the statutory expression ''or on a dismissal thereof.''

Even if the view should be taken that the undertaking does not contain words which are the equivalent of the statutory expression ''or on a dismissal thereof,'' this would render it defective and not totally void. (*Doran v. Bird,* 34 Ida. 46, 199 Pac. 85.)   This defect was not pointed out by respondent as provided by the latter part of sec. 7154, and is therefore waived. (*Martin v. Wilson* (on rehearing), 24 Ida. 363, 134 Pac. 535; *Clear Lake Power etc. Co. v. Criswell,* 31 Ida. 339, 173 Pac. 326.)

Respondent relies strongly on *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583. In that case, however, the amount of the undertaking exactly equalled twice the amount of the judgment, and it contained the conditions and provisions of a *supersedeas.* It could not suffice as a $300 undertaking under the provisions of sec. 7154. For this reason the case is clearly distinguishable. We conclude that the undertaking in the present case, both as regards amount and conditions, substantially complies with the provisions of both sec. 7154 and sec. 7155. If it does not literally comply with sec. 7154 in regard to the matter of the dismissal of the appeal, it is defective and not void. The motion to dismiss the appeal is denied.

Rice, C. J., and Dunn and Lee, JJ., concur.