[Civ. No. 2912. Third Appellate District.—October 11, 1924.]

## AL GERRIOR, Petitioner, v. SUPERIOR COURT OF MARIPOSA COUNTY et al., Respondents.

[1] APPEALS—METHOD OF PERFECTING—JURISDICTIONAL REQUIREMENTS —UNDERTAKING.—The method of taking and perfecting appeals to the appellate court is regulated by statute, and the method so prescribed must, in order that the appeal may be effectual, be followed with substantial strictness; and, in the case of an appeal to the superior court from a justice's court, the law is that unless, upon the taking of such an appeal, an undertaking on appeal for the payment of costs is filed within the time fixed thereby the superior court is not clothed with jurisdiction to hear the appeal.

[2] ID.— JUSTICE'S COURT APPEAL—VOID UNDERTAKING — INEFFECTUAL APPEAL.—If the instrument filed as an undertaking on appeal to the superior court from a justice's court is absolutely void, the attempted appeal will be ineffectual for any purpose, and it will be necessary to dismiss or strike the same from the files of the superior court.

[3] ID.—EFFECT OF VOID UNDERTAKING—CURING OF DEFECTS.—A void undertaking on appeal to the superior court from a justice's

---

1. See 16 R. C. L. 404; 15 Cal. Jur. 522–526.

court, or, rather, an instrument purporting to be one but which is so defective as to render it no undertaking at all, cannot be cured by an amendment thereof, nor can life be imparted to the attempted appeal by filing an undertaking conforming to the legal or statutory requirements as to such instruments; but where the undertaking on appeal is insufficient in form only, the same may be amended so as to cure the defect or a new undertaking may be substituted therefor.

[4] ID. — CONSTRUCTION OF UNDERTAKING ON APPEAL — LIABILITY OF SURETIES—INTENT.—While sureties on an instrument may stand on the letter of their bond or undertaking, and courts will not extend the liability of sureties beyond the clear import of their contract, still, like all other obligations, an appeal bond is subject to be so construed as to carry out the obvious intention of the parties.

[5] ID.—IDENTIFICATION OF JUDGMENTS—ERRONEOUS DESIGNATION OF APPELLATE COURT—EFFECTIVE APPEAL.—Where the recitals in an undertaking on appeal to the superior court from a justice's court are clearly sufficient to indemnify the judgment desired to be appealed from, and the sureties could not have been misled as to the intent and purpose of the instrument, and such undertaking otherwise fully conforms to the statute, except that through inadvertence it recites that the appellant is desirous of appealing to the superior court of a county other than the county in which the justice's court is located such defect in form will not be held sufficient to vitiate the instrument for the purpose for which it was filed.

---

(1) 3 C. J., p. 1039, sec. 1031; 35 C. J., p. 717, sec. 386, p. 743, sec. 423.   (2) 35 C. J., p. 764, sec. 453.   (3) 35 C. J., pp. 769, 770, sec. 460.   (4) 32 Cyc., pp. 72, 73.   (5) 35 C. J., p. 765, sec. 453.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Mariposa County, and J. J. Trabucco, Judge thereof, from trying a certain action on appeal from a Justice's Court. Writ denied.

The facts are stated in the opinion of the court.

F. W. Henderson for Petitioner.

J. M. Trusty for Respondents.

HART, J.—This is an original application for a writ of prohibition to restrain the respondents from trying a certain action wherein the petitioner is plaintiff and one T. A. Clark is defendant. As the writ applied for implies, the ground

of the application is that the respondents are without juris-
diction to try the action. The contention is that upon the
taking of the appeal no undertaking thereon was filed as
required by section 978 of the Code of Civil Procedure.

The facts stated in the petition are not traversed and
stand here undisputed. They are, indeed, admitted by the
general demurrer interposed to the petition by the respond-
ents.

The petition shows: That on the twentieth day of Septem-
ber, 1923, the petitioner instituted an action against said
T. A. Clark in a justice's court of the fifth judicial town-
ship of the county of Mariposa to obtain a judgment for the
sum of $276 for work and labor alleged to have been per-
formed by the former for the latter within two years prior
to the date of the commencement of the said action; that
service of process was subsequently duly had on said Clark;
that the latter, within due time, filed an answer to the com-
plaint, denying generally the averments thereof; that there-
after, and on the fifth day of June, 1924, said action was
tried by and before Ralph A. Stout, justice of the peace
in and for said fifth judicial township; that the case having
been submitted for decision upon the evidence adduced at
said trial, said justice of the peace, on the eighteenth day
of July, 1924, rendered and entered judgment for and in
favor of the petitioner and against said Clark for the sum of
$251, together with costs assessed at the sum of $10.25, the
judgment thus totaling the sum of $261.25; that thereafter,
and on the said eighteenth day of July, 1924, the said Clark,
defendant, etc., as aforesaid, duly served and filed a notice
of appeal to the respondent court from said judgment, on
questions of both law and fact; that on said eighteenth day
of July, 1924, and after said notice of appeal was filed with
said justice of the peace, the said Clark, as appellant in said
action and in said appeal, filed an instrument "purporting
to be an undertaking on appeal, which is in words and fig-
ures as follows," to wit:

"(Title of Justice's Court and Cause)"
"Undertaking on Appeal from a Judgment Directing the
    Payment of Money

"Whereas, in an action in the Justices' Court of the Fifty
Township, County of Mariposa, State of California, judg-

ment was on the 18th day of June, 1924, rendered by Ralph A. Stout, Esq., Justice of said Court, in favor of Al Gerrior, the plaintiff, against T. A. Clark, the defendant, for the sum of Two Hundred and Fifty-one Dollars ($251.00) principal, and Ten and 50/100 Dollars ($10.50) costs, and whereas the said T. A. Clark is dissatisfied with said judgment and desirous of appealing therefrom to the Superior Court of the State of California, in and for the City and County of San Francisco, now, therefore, in consideration of the premises and of such appeal, we the undersigned, C. M. Burleson and Henry J. White, of the City and County of San Francisco, do hereby jointly and severally undertake in the sum of One Hundred Dollars ($100.00), and promise, on the part of the appellant that the said appellant will pay all costs which may be awarded against T. A. Clark on said appeal or on a dismissal thereof, not exceeding the aforesaid sum of One Hundred Dollars ($100.00), to which amount we acknowledge ourselves jointly and severally bound.

"And whereas the said appellant claims a stay of proceedings, and he is desirous of staying the execution of said judgment so appealed from, we do further, in consideration thereof and of such stay of proceedings, and of the premises, jointly and severally undertake and promise and do acknowledge ourselves further jointly and severally bound in the further sum of Five Hundred and Twenty-three Dollars (being twice the amount of said judgment, including costs) that the said appellant will pay the amount of the judgment so appealed from, and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against T. A. Clark in the action of said Superior Court.

"Dated, San Francisco, July ——, 1924.

                     "C. M. BURLESON.   (Seal)'

                     "HY. J. WHITE.     (Seal)"

The sureties whose names are subscribed to the foregoing instrument qualified by making the affidavits required by section 1057 of the Code of Civil Procedure.

On the twenty-first day of July, 1924, said justice of the peace of said township No. 5 transmitted to the clerk of the superior court of Mariposa County a transcript of his record in said action, together with all the papers in the case, and

thereafter said superior court made an order fixing Wednesday, the seventeenth day of September, 1924, at the hour of 10 o'clock A. M. of said day as the time for trial of said action, said order being made without notice to plaintiff or his attorney ''and without the consent of either of them''; that thereafter, and on the eighth day of August, 1924, the plaintiff and respondent in said action served upon the defendant and appellant therein a notice of motion to dismiss the appeal because of the failure of appellant to file an undertaking on appeal as required by the above-named section of the Code of Civil Procedure, said notice fixing the eighth day of September, 1924, at the hour of 10 o'clock A. M. as the time for the hearing thereof; that subsequent to the service of said notice to dismiss and on September 4, 1924, the defendant and appellant served upon the petitioner as plaintiff in said action and filed in the respondent court, notice that he (defendant and appellant) would apply for an order permitting him ''to amend the undertaking on appeal filed in his behalf, or to file an amended undertaking herein.'' The said motion, so the notice stated, would be made on the ground that through inadvertence the undertaking theretofore filed in support of said appeal set forth that the appeal was taken to the superior court of the city and county of San Francisco, in the place and stead of the superior court in and for the county of Mariposa. The notice fixed as the time for the hearing thereof the eighth day of September, 1924, at 9:45 A. M. As in support of said motion the defendant Clark, in said action, filed an affidavit made by his attorney stating that he (the attorney) dictated the purported undertaking on appeal to his stenographer and filed the same without an examination thereof; that he dictated said undertaking so that but for the alleged error of his stenographer in transcribing said dictation the undertaking would have shown that the appeal to support which it was to be filed was to ''the Superior Court of the State of California, in and for the County of Mariposa'' instead of to the superior court of the state of California, in and for the city and county of San Francisco; that on the eighth day of September, 1924, the motion of plaintiff for the dismissal of said appeal and the motion of the defendant Clark in said action for an order allowing him to amend the undertaking

filed in the justice's court or to file an amended undertaking in said superior court were heard and thereupon respondent court, after ordering the two motions to be consolidated and presented at the same time and after hearing the same and denying the motion of the petitioner for a dismissal of the appeal, made an order permitting the defendant Clark in said action to file a new or an amended undertaking on appeal and the same was thereupon filed. The said undertaking is set forth *in haec verba* in the petition herein and aside from the correction of the undertaking as to the number of the judicial township in which the action was tried (the original purported undertaking stating that it was the "Fifty" instead of the fifth judicial township as is the correct designation thereof) and the changing of the name of the court to which the appeal was taken from that of the superior court of the city and county of San Francisco to that of the superior court in and for the county of Mariposa, is substantially in the language of the original undertaking, the same parties being sureties on both instruments.

It will be seen that the question to be determined here is whether the instrument originally filed as an undertaking on appeal was and is absolutely void or only insufficient in matter of form and, therefore, capable of being cured by the filing of a new or an amended undertaking as authorized by section 954 of the Code of Civil Procedure.

[1] It is too well understood—at least, by the legal profession—to require the statement of the proposition herein that the method of taking and perfecting appeals to the appellate courts is regulated by statute, and that the method so prescribed must, in order that the appeal may be effectual, be followed with substantial strictness. In the case of an appeal to the superior court from a justice's court our statute law is that unless, upon the taking of such an appeal, an undertaking on appeal for the payment of costs is filed within the time fixed thereby the superior court is not clothed with jurisdiction to hear the appeal. (Sec. 978, Code Civ. Proc.) [2] If, therefore, the instrument originally filed herein as such undertaking was absolutely void, the attempted appeal would be ineffectual for any purpose, and it would be necessary to dismiss or strike the same from the files of the superior court. [3] Obviously, a void undertak-

ing, or, rather, an instrument purporting to be one which is so defective as to render it no undertaking at all, cannot be cured by an amendment thereof, nor can life be imparted to the attempted appeal by filing an undertaking conforming to the legal or the statutory requirements as to such instruments. Where, however, the undertaking on appeal is insufficient in form only the same may be amended so as to cure the defect or a new undertaking be substituted therefor.

[4] While sureties on an instrument may stand on the letter of their bond or undertaking, still, like all other obligations, an appeal bond is subject to be so construed as to carry out the obvious intention of the parties. (2 Cal. Jur., p. 368 et seq.; 21 R. C. L., p. 994, *Swain* v. *Graves*, 8 Cal. 549; *Brooks* v. *Brooke*, 12 Gill & J. (Md.) 306 [38 Am. Dec. 310]; *Ludlow* v. *Simond*, 2 Caines Cas. (N. Y.) 1 [2 Am. Dec. 291].) Of course, the rule as thus stated must be understood with the qualification that the courts will not extend the liability of sureties beyond the clear import of their contract. Bearing in mind these principles, the purported undertaking with which we are here concerned will be considered.

[5] Looking at the original undertaking and all its provisions together or in their entirety, it is clear that the statement therein that the appeal was to the superior court in and for the city and county of San Francisco cannot justly be held to be sufficient to vitiate the instrument for the purpose for which it was filed. It will be noted that the document states that the appeal is from a judgment rendered on the eighteenth day of June, 1924, in the justice's court of the fifty township, county of Mariposa, state of California, by Ralph A. Stout, Esq., justice of said court, in favor of the plaintiff and against the defendant, naming each, for the sum of $251 and costs. This language is clearly sufficient to identify the judgment from which the appeal was taken. The sureties could not have been misled as to the intent and purpose of the instrument, to wit: To support the appeal from the particular judgment specifically referred to therein. Indeed, it is to be presumed that they were familiar with the terms of the obligation to which they bound themselves and, therefore, knew that its purpose was to support an appeal to the superior court of the county in which the action was

tried. In other words, we think the presumption is that, from the recitals in the undertaking, they knew and understood that the appeal was to be to the superior court of Mariposa County and not to the superior court in and for the city and county of San Francisco. The case of *Pacific Paving Co.* v. *Verso,* 11 Cal. App. 383 [105 Pac. 136], is strikingly similar to the one at bar. There an undertaking on appeal from the superior court to the district court of appeal erroneously recited: ''Whereas an appeal is about to be taken to the Supreme Court.'' The court held that the recital referred to amounted to no more than a mere defect in form and denied the motion to dismiss the appeal on the ground that no sufficient undertaking had been filed. Among other things, the court said: ''It is contended that this (the undertaking) does not identify the appeal, and that, therefore, the bond is no bond at all on this appeal. It is true that it has been held that where the recitals in the undertaking do not identify the particular appeal which it is intended to perfect, the undertaking is considered as totally void for any purpose and not merely insufficient,'' citing a number of cases. The court proceeded: ''In most of the above cases several appeals had been taken and but one bond given, which did not show which appeal it was intended to perfect. In *Little* v. *Thatcher,* 151 Cal. 559 [91 Pac. 321], the bond identified a judgment as the subject matter of the appeal, when in fact an order denying a motion for a new trial was the matter appealed from. In the case at bar, the bond fully identifies the matter from which the appeal was taken. It was the judgment rendered in the case, and is completely identified by the recitals in the bond. . . . It is no objection to the sufficiency of this appeal as it now stands, with a good bond filed and approved before the hearing of this motion, to say that the sureties on the original undertaking would not be liable. That may be true, and the appeal supported by the new bond. It is the very purpose of section 954 of the Code of Civil Procedure, to allow a sufficient bond to be given to supply the defects of an insufficient bond. (Citing cases.) . . . The entire law for the giving of any bond on appeal is statutory, and it is competent for the legislature to regulate the matter as its wisdom may dictate. (*Spreckels* v. *Spreckels,* 114 Cal. 61 [45 Pac.

69 Cal. App.—13

1022].) Section 954 of the Code of Civil Procedure, allowing a new bond to be given when the original bond is insufficient, is remedial in its nature, and we think for that reason should receive a liberal interpretation with a view to further the determination of appeals upon their merits. The giving of the new bond before the hearing of the motion to dismiss amply protects the interests of the respondent. . . . We do not think the facts of this case bring it within the rule of those cases where the subject matter of the appeal is *not identified by the bond* (italics added); and in view of the remedial character of section 954 of the Code of Civil Procedure, the doctrine of those cases should not be stretched to cover cases not fairly within them.'' (See, also, 2 Cal. Jur., pp. 365, 377 and 386; *Cohen* v. *Connick,* 26 Cal. App. 491 [147 Pac. 479]; *Estate of Heydenfeldt,* 119 Cal. 346 [54 Pac. 543]; *Pacific Paving Co.* v. *Bolton,* 89 Cal. 154 [26 Pac. 650]; *Schurtz* v. *Romer,* 81 Cal. 244 [22 Pac. 657].)

It seems to us that upon the cases above referred to, as well as upon principle, it should be held that the error in inserting in the original undertaking the words ''Superior Court in and for the City and County of San Francisco'' in the place of the words ''Superior Court in and for the County of Mariposa'' involves merely a defect in form and in no way renders the judgment from which the appeal was taken incapable of complete and perfect identification.

The fact that the undertaking originally filed erroneously designated the judicial township in which the action was tried as ''Fifty Township'' instead of ''Township No. 5,'' which is its correct designation, is given no emphasis by counsel for the petitioner as in derogation of the validity of said instrument. The erroneous designation was undoubtedly a clerical misprision. In any event, it is of so trifling a consequence in its effect upon the instrument or the purpose for which it was filed that it would amount to the extreme of absurdity to say that it in anywise had the effect of detracting from the legal integrity of the undertaking.

The conclusion at which we have herein arrived ''responds to the spirit and corresponds with the trend of modern decisions on points of practice in general which is that causes should be permitted to be heard on their merits, where, in so ruling, positive violence is not done some rule or rules

of procedure and practice." (*Pacific Window Glass Co.* v. *Smith*, 8 Cal. App. 768 [97 Pac. 901]; *Cohen* v. *Connick*, *supra*.)

The demurrer to the petition should be sustained and the writ herein applied for denied. It is so ordered.

Plummer, J., and Finch, P. J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1924.

All the Justices concurred.